STATEMENT OF FACTS.
The defendant in error, J. H. McDonald, in company with Charles Smith and Frank A. Smith, June 28, 1898, purchased from the plaintiff in error, the Geiser Manufacturing company, a complete threshing outfit, at and for the sum of two thousand two hundred dollars, ($2,200.00), and paid for the same with four promissory notes of five hundred and fifty dollars, ($550.00), each, due respectively, August 1, 1898, September 1, 1898, August 1, 1899, and September 1, 1899, and secured payment of the same by a chattel mortgage on the property so purchased, and other property. The mortgage was duly recorded in Kay county, on the 18th day of July, 1898.
The mortgage contained among others a provision as follows:
"In case default shall be made in the payment of any of said notes or any part thereof, or if the mortgagees shall at any time consider themselves insecure, that the said mortgagees shall have the right to declare all above notes due and then, or in either of said cases, said mortgagees shall have the right to take immediate possession of said property wherever it may be found, * * * * and sell and dispose of said property at public or private sale, after giving ten days' notice of time, place and terms of sale, * * * and out of the money arising from such sale, to pay all costs, charges and expenses for pursuing, searching for, taking, running, keeping, storing, advertising and selling such goods and chattels, and for agents' and attorneys' services in taking and removal, together with the amount due and unpaid upon the said notes, and attorneys' fees for the foreclosure of this mortgage, rendering the surplus, if any remain, unto said mortgagors." *Page 185 
Said mortgage also contained a provision to the effect that the mortgagors should keep the mortgaged property insured for the benefit of the mortgagee, and that the mortgagee should not be liable for the loss of such property by fire or theft.
On July 12, 1899, the defendant in error, Berry, with actual and constructive knowledge of the mortgage, purchased from the Smiths their one-half interest in the mortgaged threshing outfit, and assumed the payment of one-half the indebtedness against it.
Default was made in the payment of the note due August 1, 1899, and after demand for possession, the plaintiff in error, on August 26, 1899, brought replevin in the probate court of Kay county for the mortgaged property purchased and mortgaged as aforesaid, charging that said property was wrongfully detained by defendant McDonald.
The replevin bond contained this condition:
"Now, therefore, we, the Geiser Manufacturing company, as principal, and E. P. Hurford as surety, hereby undertake to the said defendant in the penal sum of sixteen hundred dollars, ($1,600.00), that the plaintiff shall duly prosecute this action, and pay all costs and damages that may be awarded against it, and if said property be delivered to it, that it will return the same to the defendant if a return thereof be adjudged."
The replevin summons was issued against McDonald alone, and on it the sheriff made return:
"Received this writ on the 26th day of August, 1899, and served the same on August 26, 1899, by delivering a duly certified copy thereof to J. H. McDonald, and as commanded *Page 186 
herein did on August 26, 1899, take in my possession one Peerless engine, class to No. 5828; one wind stacker No. 778; one separator Class A., No. 10359, one Gundy drive belt, one tank pump and hose. August 30, the defendants failed to give redelivery bond, property was turned over to plaintiff."
September 20, 1899, defendant filed in the probate court a demurrer to the petition of the plaintiff on the grounds,
"First. — That said petition does not state facts sufficient to constitute a cause of action against said defendants or either of them.
"Second. — That said petition does not state facts sufficient to give the court jurisdiction of the subject-matter of the action, and the court has no jurisdiction of the subject-matter of the action."
On September 26, 1899, the probate court sustained said demurrer, the journal entry, (omitting caption), being as follows:
"Now on this 26th day of September, 1899, the same being one of the regular days of the regular sitting of the probate court of said county, the above entitled cause came on for hearing upon the demurrer of the defendant to the petition in said cause, the plaintiff appearing by its attorney, E. Bee Guthrey, and the defendants appearing by W. B. Herod, their attorney; and the court, after hearing argument of counsel and being duly advised in the premises, sustains said demurrer. It is therefore by the court ordered and adjudged that the demurrer of the defendants to the plaintiff's petition be sustained, and the plaintiff declining to further plead in said cause, it is ordered by the court that said cause be dismissed, at the costs of plaintiff, taxed at thirty-nine and seventy-five one-hundredths dollars. ($39.75.)" *Page 187 
No further proceedings were had in the probate court; and no appeal was taken.
The defendant in error, Berry, was in no way a party to the replevin suit. The separator, subsequent to August 30, 1899, was destroyed by fire.
On November 17, 1899, the defendants, Berry and McDonald, commenced this action in the district court of Kay county, by filing therein a petition which alleged the purchase of the property involved, and the giving of notes and mortgage therefor, admitting a balance of nine hundred dollars, ($900.00), unpaid thereon; and that one of the notes, at the time of commencement of replevin proceedings in the probate court, was due and unpaid. That defendant in error, Berry, was a purchaser of one-half interest in the property, and charging that the same was taken in replevin by plaintiff in error, that defendants in error defended said suit in the probate court and obtained dismissal thereof, and that upon such dismissal no farther action was taken with reference thereto. Said petition set forth the giving of replevin bond with E. P. Hurford as surety, and asked judgment against the plaintiff in error and said Hurford in the sum of four thousand two hundred and seventy-five dollars, ($4,275.00), damages and costs.
On April 23, 1900, the petition of defendants in error, in the district court of Kay county, was amended by the addition of two counts, which were numbered counts 2 and 3 of the petition. Count 2 was in the main a repetition of the original petition, and set up in addition the demurrer to the replevin petition and the action of the probate court sustaining the same and judgment of dismissal of the replevin *Page 188 
action. The third count set forth the replevin bond, and charged a failure of the defendants to prosecute the replevin action, and failure to return property, and prayed judgment for four thousand seven hundred and twenty-five dollars, ($4,725.00).
On the 2nd of October, 1900, the plaintiffs in error and E. P. Hurford filed their answer in said cause, and after denying all the allegations of the petition except such as were admitted, admitted the purchase of the threshing outfit, the execution of the notes and mortgage, that there was a balance, due the company, of nine hundred dollars, ($900.00), the sale to Berry of the one-half interest, the default in the payment of the notes, the bringing of the replevin suit, the dismissal thereof by the court, and that no appeal was taken, the execution of the replevin bond, and the destruction of the separator by fire. It then denied that the separator was destroyed by any fault or neglect on the part of the defendants; and alleged that by reason of the default in the payment of the notes, and by reason of the terms of the chattel mortgage, defendants were, and at all times since, prior to the commencement of the replevin suit, had been entitled to the possession of the property taken under the writ; that the mortgagors had agreed in the mortgage to keep the property insured and failed to do so; that Berry had assumed the obligations of the mortgage, and asked to be discharged with their costs.
The reply was a general denial of all new matter.
On March 11, 1901, a jury trial was had. The plaintiffs below introduced the affidavit, bond, summons, demurrer and order sustaining the demurrer in the replevin suit, and evidence showing the purchase by Berry of the one-half interest *Page 189 
in the outfit, and the failure of the company to return the property taken under the writ. They also introduced evidence tending to show the value of the property so taken, and in addition thereto evidence tending to show the value of the weigher and feeder which were not taken under the writ. It seems that the weigher and feeder were attached to the separator when it was taken, and the sheriff started to detach them. McDonald then requested that they be left on at his risk, and to this the sheriff consented and left them on.
A demurrer to plaintiff's evidence was overruled by the court, and an exception saved.
Defendants below offered in evidence the chattel mortgage for the purpose of showing that the company was entitled to the possession of the property taken under the writ, which offer was by the court refused, and offered to show that the notes due August 1, and September 1, 1899, were still unpaid, which offer was likewise refused; and offered to show that the separator was burned about September 1, 1899, without any fault or neglect on the part of the company, which offer was likewise refused; and offered evidence as to the contents of the replevin petition, which was excluded. To all these rulings the defendant below duly excepted.
When the defendants below rested, plaintiffs below dismissed as to Hurford.
The court thereupon instructed the jury as follows:
"The court instructs the jury that upon the evidence offered in this case there is only one question for the jury to determine and that is the measure of the recovery that the plaintiffs are entitled to in this case as against the defendant, the Geiser Manufacturing company, and upon this point you *Page 190 
are instructed that the measure of the recovery of plaintiffs is the full market value of the property that was taken under the writ of replevin under date August 26, 1899, at the time and place that the same was taken, the reasonable and fair value at that time and place, as the same appears from the evidence offered in this case. In this case, if you find the issue in favor of the plaintiffs you should only allow for such amount as is a fair and reasonable market value of the property at the time it was taken, and should not allow in your verdict any damages for the usable value of the property while the same was in the possession of the defendants."
The plaintiff in error excepted to the instruction just quoted.
The jury returned a verdict in favor of the defendants in error, Berry and McDonald, against the company for fifteen hundred and eighty dollars, ($1,580.00), and the court rendered a judgment in conformity with the verdict. The motion for a new trial was overruled, an exception saved, and the company appealed.
In the trial of the case the plaintiff in error, defendants in the courts below, to sustain the issues on their behalf, produced the chattel mortgage and notes herein referred to, due August 1, and September 1, 1899, and had them duly identified and marked respectively Exhibits "B," "E," and "F," and thereupon offered in evidence Exhibit "B," to the introduction of which the defendants in error, plaintiffs below, offered the following objection.
"We object as incompetent, irrelevant and immaterial under the pleadings in this case, and because the right of possession was adjudicated in the replevin suit, and because these notes and this mortgage are not pleaded as set-off in this action." *Page 191 
"Court: 'Objection sustained. The court will permit it to go to the jury if the defendants desire it to go in as a set-off.'
"Defendants: 'We do not wish it to go as a set-off. We offer this for the purpose of showing that we were entitled to the possession of the property.'"
The plaintiffs below thereupon renewed their objection, which was by the court sustained as follows:
"Objection sustained for the reason that the question of the right to the possession of this property was adjudicated in the probate court, and that judgment has become final, no appeal having been taken therefrom. The court will permit the defendants to set up any unpaid notes or indebtedness as a set-off to this action, if they so desire, and to which the plaintiffs in open court consent."
To which rule of the court an exception was saved. A farther offer of evidence was then offered as follows by defendants below:
"We offer in evidence the two notes marked Exhibits 'E' and 'F'."
To which offer defendants in error, plaintiffs below, offered the following objection:
"To which the plaintiffs object for the reason that they are incompetent, irrelevant and immaterial, and for the reason the right to the property under these notes is res adjudicata by the judgment of the probate court."
"Court: 'The court sustains the objection to the evidence for the reason that the notes are not pleaded as a set-off to plaintiff's cause of action, and the defendants decline to plead it as a set-off when requested by the court to do so if they so desired, and the only purpose for which they desire to offer *Page 192 
the note is, they claimed the notes were not paid, and there is a breach in the conditions of the chattel mortgage; but it appears from the records that that matter was fully adjudicated in the probate court, and judgment entered in favor of defendants and against the plaintiffs in that action and the matters therein litigated have become res adjudicata, and that judgment has become final and binding upon this court as to a breach of the conditions of the chattel mortgage and as to who was entitled to the possession of the property at that time.'"
The above ruling of the court was excepted to, and another question asked as follows:
"We will ask you to look at this paper marked 'Exhibit F' and also at this paper marked 'Exhibit E' and ask you to state whether or not you paid either of these notes?"
To which question the following objection was made:
"To which the plaintiffs object as incompetent, irrelevant and immaterial, and not responsive to any issue in this case; these notes or the payments not being in issue the defendants declined specifically to plead them as an off-set, and the matter cannot be tried in this case, and would not be a bar to a judgment on these notes, and for the reason that so far as it relates to the right of possession it is res adjudicata."
This objection was by the court sustained, and exceptions duly taken. Reversed and remanded.
Opinion of the court by
As will be seen from the statement, the question of the correctness of the conclusion reached in the trial of this case turns upon the question as to whether or not the judgment of the probate court was res adjudicata in the matter of right of possession of the property involved. The *Page 193 
demurrer passed upon by the probate court presented two questions only:
1. As to whether or not the replevin petition stated facts sufficient to constitute a cause of action, and; 2. As to whether or not the probate court, under the allegations of the petition, had jurisdiction of the subject matter of the action.
The demurrer was sustained, but the record does not show upon which of the grounds stated, or whether upon one or both of them, and in our judgment it is immaterial which, as such a conclusion might be reached without passing upon the question of the right of either party to the possession of the property involved; and unless that question was passed upon it could not be said that the question of right of possession was at the trial res adjudicata.
The probate court did not pass upon or decide the question of right of possession of the property involved further than such a question may be deemed settled by a dismissal of the case for want of jurisdiction, or because of some defect in the replevin petition; and the question here squarely presented is whether or not such a determination has so concluded the rights of the parties to the possession of the property as that their day in court with reference thereto is lost. We think not.
In replevin the right of possession of the property involved is not res adjudicata unless that question is tried and passed upon with such certainty as that the issue is removed from the domain of doubt and uncertainty and has become distinct and certain in its character. *Page 194 
This point was squarely passed upon by the supreme court of the United States in Hughes v. The United States, 4 Wallace, 232, in which the court says:
"In order that a judgment may constitute a bar to another suit, it must be rendered in a proceeding between the same parties or privies, and the point in controversy must be the same in both cases, and must be determined on its merits. If the first suit was dismissed for defect of pleadings, or parties, or a misconception of the form of proceeding, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit."
In Little v. Bliss, 55 Kan. 94, a case identical with the case at bar, except that when the replevin action was called for trial the plaintiff in replevin made default for appearance and the cause was dismissed without a finding and judgment for the return of the property, the property was not returned, and action was brought to recover its value. The trial court submitted to the jury the question of the value of the property, minus the mortgage debt, and rendered judgment on the verdict for the value of the property less the mortgage indebtedness.
The supreme court in an opinion by Chief Justice Horton, holds this to be erroneous, upon the ground that the right of possession had not been passed upon, although, under the statute of that state, it might have been upon motion of the defendant after dismissal of the replevin action; and as the pleaded facts show the right of possession to be in the mortgagee when replevin action was commenced, the plaintiff could not recover more than nominal damages, and this *Page 195 
upon breach of the condition of the replevin bond, that plaintiff should duly prosecute the action.
In this action it must be conceded, from the record, that the plaintiff in error had the right of possession under its mortgage at the bringing of the replevin suit, and the same right after such action was dismissed, unless proceedings were had under section 4062 of the statutes to determine the right of possession after demurrer sustained and dismissal of action, which section provides:
"If the property has been delivered to the plaintiff and judgment rendered against him, on demurrer, or if he otherwise fail to prosecute his action to find judgment, the court shall, on application of the defendant or his attorneys, proceed to inquire into the right of property, and right of possession of the defendant to the property taken."
This section of the statute provides a manner in which the right of possession of property taken in replevin, when the action is dismissed upon demurrer, may be determined, and when so determined nothing is left to conjecture. Until it is determined; the question of right of possession is not resadjudicata in actions of this kind.
There are cases which when tried upon general demurrer areres adjudicata. These are cases in which the general issue is passed upon, as for instance, where a demurrer is overruled, and no further proceeding is had or asked for by the party demurring; in such cases judgment may be entered for what is confessed by the demurrer, and in such a case the subject matter would be res adjudicata, but we are unable to find a case when, upon demurrer, a judgment of dismissal is entered *Page 196 
without finding upon the merits, the judgment of dismissal is held to be res adjudicata as to the subject-matter.
It follows that there was material error in the trial of this case in the court below, in holding that the order of dismissal in the probate court was res adjudicata as to the right of possession of the property involved, and in refusing to allow the plaintiff in error to show in defense that it had, under its promissory notes due and mortgage to secure the same, the right of possession, for the purpose stated in said mortgage. For the same reason it was error to overrule motion for a new trial.
The judgment of the trial court will be reversed, and said cause remanded to the district court of Kay county for further proceedings in accordance with this opinion.
Hainer, J., who presided in the court below not sitting; Beauchamp, J., absent; all the other Justices concurring. *Page 197