W. E. BERRY AND J. H. McDONALD V. THE GEISER MANU-
FACTURING COMPANY, *a corporation.*

(Filed September 5. 1905.)

1. **PRACTICE—Petition—Motion to Strike Out.** It is error for the
court to sustain a motion to strike out certain portions of a petition
unless such parts are statements of matter foreign to the cause
and raise no issue proper to be raised in the case, and unless such
motion is made by the party prejudiced thereby.

2. **SAME—Demurrer.** Where the language of the petition is suffi-
ciently explicit to raise an issue of fact upon which the pleader
would be entitled to recover in the case, it is error to sustain a
general demurrer to the petition.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before
Bayard T. Hainer, Trial Judge.*

*W. B. Herod,* for plaintiff in error.

*J. F. King,* for defendant in error.

STATEMENT OF FACTS

This was an action brought by the plaintiffs in error
against the defendant in error in the district court of Kay
county, for damages for the conversion of certain personal
property by the defendant in error belonging to the plain-
tiffs in error, which said property is fully set forth and de-
scribed in the petition, which is as follows:

"In the District Court of Kay County, Oklahoma Territory.

"*W. E. Berry, and J. H. McDonald, Plaintiffs, v. The Geiser Manufacturing Company, a corporation, Defendant.*

"AMENDED PETITION

"Come now the plaintiffs above named, and by leave of court first had and obtained, file, this, their amended petition, and for cause of action against said defendant, allege and say:

"That on, and prior to, the 26th day of August, 1899, the plaintiffs were the owners, and in the quiet and peaceable possession, and entitled to the quiet and peaceable possession, of the following described personal property of the value of $3000.00, and of the useable value of $50.00 per day, to-wit: One Peerless engine, class F. No. 5822; One Peerless separator, class A. No. 10359; one wind stacker, No. 778; one Peerless feeder, No. 236; one Boss weigher, No. 3371; Gandy drive belt, tank, pump, and hose; one automatic weigher, and one self feeder.

"That heretofore, to wit: on the 3rd day of July, 1898, J. H. McDonald, one of the parties plaintiff herein, together with Charles Smith and Frank Smith, purchased of the said defendant a certain threshing machine outfit, consisting of separator and traction engine, together with the necessary equipments belonging thereto, and forming a complete threshing machine outfit, for the consideration of $2250.00, being the same property as above described, with the exception of the weigher and self feeder; and at said time made, executed and delivered to said defendant, their promissory notes; in writing, for such amount, secured by chattel mortgages upon said threshing machine outfit. That on or about the 15th day of July, 1899 the said Charles Smith and Frank Smith, for a valuable consideration, sold and delivered to W. E. Berry, plaintiff above named, all their right, title, and interest in and to said property and threshing outfit, excepting said

weigher and self feeder last above named, which was at that time not a part of nor attached to said threshing outfit.

"That thereafter, and prior to the 26th day of September, 1899, the plaintiffs purchased and attached said weigher and self feeder to said threshing outfit, which said weigher and feeder was, and is, of the value of $275.00.

"Plaintiff further says that there has been paid on the said purchase price of said property, the sum of $1451.50, leaving a balance of $748.50 coming due and payable to the defendant from the plaintiffs above named, and that such payment was made on and before the said 26th day of August, 1899.

"That on or about the 26th day of August, 1899, while plaintiffs aforesaid were in the full and complete control, possession and ownership, while they were entitled to the possession of said property and while it was of the said value of $3,000.00, and of the useable value of $50.00 per day, the said defendant unlawfully and wrongfully took possession of all of the said property under a writ issued in a suit in replevin against J. H. McDonald, Charles Smith, and Frank Smith. Prior to taking possession of said property as aforesaid, and prior to obtaining said writ of replevin, the defendant, well knowing that these plaintiffs were the owners of all of said property, and that the said Smiths had sold and delivered their interest therein to the plaintiff W. E. Berry, and that the said plaintiffs were able, ready and willing to pay said defendant the remainder of the purchase price, amounting to about $750.00 That on or about the 29th day of August, 1899 the defendant contracted with the plaintiffs to release the said Smith and McDonald from the payment of said sum, and accept, and did accept, the plaintiff W. E. Berry as the payer of said sum, in consideration of his executing and delivering to said company, his notes therefor for the amount then due, secured by mortgage on one hundred and sixty acres of land in the state of Kansas; which said contract the said W. E. Berry fully carried out

upon his part, and made, executed and tendered  to said de-
fendant the said notes and mortgage, which, however, the
defendant refused, without excuse or reasonable cause, and
refused to carry out his part of said contract.  That after-
wards, and on or about the 1st day of September, 1899, and
while said defendant was in possession of said property un-
der said writ of replevin, and at a time when the plaintiff had
no control over said property by reason of the wrongful acts
of the defendant, and at a time when said defendant had
become responsible to plaintiff for the value thereof, the said
separator, with the attachments and improvements made by
these plaintiffs, of the aggregate value of $1025.00, was by
said defendant carelessly and negligently permitted to burn,
and was then and there destroyed; and plaintiffs were there-
by damaged in the sum of $1500.00.

"Plaintiffs further say that the defendant still retains
possession of said engine and attachments of the value of
$1500.00, and still retains plaintiff's property of the aggre-
gate value of $3000.00, and of the useable value of $50.00 per
day.    That in the case of The  Geiser Manufacturing Com-
pany, the defendant above named, against J. H. McDonald,
and Charles Smith and Frank Smith, above mentioned, in the
probate court of Kay county, Oklahoma Territory, wherein
the said writ of replevin above referred to was wrongfully
obtained, the defendants appeared and filed their demurrer
to the petition upon the grounds and for the reasons there-
in set forth, a copy of which is hereto attached, marked Ex-
hibit "A".    That afterwards, and on the 26th day of Sep-
tember, 1899, said cause came on to be heard by said probate
court on said demurrer; and the court being fully advised,
sustained said  demurrer, and then and there  rendered a
judgment dismissing said cause, a copy of which said judg-
ment is herewith filed, marked Exhibit "B".    That no ap-
peal nor other proceeding were had relative to said property
in said cause, and the said judgment became and was and re-
mains final, and in full force and effect; and the said de-

fendant became, and is, liable for the return of said property, or in lieu thereof the value of the same together with damages for its unlawful detention at the sum of $50.00 per day. That notwithstanding the fact that the said defendant had so taken possession of all of said property, and the same had been so delivered to said defendant under and by virtue of said writ of replevin; and notwithstanding the fact that the court had sustained the demurrer to their said pretended cause of action, and that no appeal or other steps were taken by said defendant in said cause, that the said defendant had wholly failed to return said property or any part thereof, to these plaintiffs, and wholly failed and neglected to account to or pay to plaintiffs the value of said property, or any part thereof, and have kept the same, and still keep the same, and the possession of the same from the plaintiffs, whereby plaintiffs have been damaged in the sum of $2475.00 the value of said property, and the further sum of $3000.00 in damages which is due and unpaid.

"Wherefore, plaintiffs demand judgment against said defendant in the sums of $5475.00 and costs of this action, and all other and proper and equitable relief.

W. B. HEROD and FULTON & BUSH,
Attorneys for plaintiff.

To this petition defendant in error filed its motion to strike out certain parts thereof. This motion was sustained by the court, to which plaintiffs excepted. Thereafter, defendant filed its demurrer to the petition, for the reason that certain causes of action were improperly joined therein, and for the further reason that the said petition did not state a cause of action, which demurrer was sustained by the court, to which exceptions were saved. Thereupon the said plaintiff elected to stand upon the said petition, and the rulings of the court, and refused to plead further, and the court rendered judgment dismissing the action at the costs of the

plaintiff, to all of which rulings exceptions were taken, and the case is brought here for review.

Opinion of the court by

IRWIN, J.: The first assignment of error is the sustaining of the motion to strike out certain parts of the petition. Wilson's Statutes, general section 4323, provides:

"If redundant or irrelevant matter be inserted in any pleadings, it may be stricken out on the motion of the party prejudiced thereby."

The ruling of the court striking out certain parts of the petition, must depend for its correctness upon two propositions. 1st, was the matter stricken out redundant, or irrelevant. Judge Black, in his Law Dictionary, page 1009 defines redundancy to be, "The insertion in a pleading of matters foreign, extraneous, and irrelevant to that which it is intended to answer. The fault of introducing superfluous matters into a legal instrument." The term irrelevant, is by the same learned author at page 644 defined to be. "Not relevant, not relating or applicable to the matter in issue—not supporting the issue." Bouvier's Law Dictionary, vol. 2, page 433, defines the term redundancy as, "Matter introduced in an answer, or pleading, which is foreign to the bill of articles."

Now in the case at bar, the question is; Were the matters stricken out foreign to the case? Were they immaterial, or extraneous to the issue involved? If so, the decision of the trial court was right if not, it was wrong. It must be borne in mind that the record discloses that this was an action for conversion, following an action of replevin in the probate court. The action in replevin had proceeded to a final decision, so far as the issues joined in the probate court were

concerned. The demurrer to the petition filed in that court having 'been sustained, and this decision of the probate court not having been appealed from, and no further pleadings having been had in the probate court, the replevin action was dismissed. We take it .that the decision of the probate court in sustaining the demurrer, and dismissing the action, amounted in law; to an order for the return of the property covered by the replevin writ, by the plaintiff in the original action to the defendant, and that by the terms of the replevin bond in that case, it was the duty of the plaintiff to return said property to the defendant under the decision of the probate court, and from the time of the rendering of this decision, or at the expiration of the time for an appeal therefrom, that the holding of the possession of said property by the plaintiff in replevin, under and by virtue of the replevin writ, was wrongful, and no demand was necessary on the part of the defendant in replevin for the return of the property described in the writ.

Now the portion of the petition which was stricken out by order of the court on the motion of the defendant in error was: First, that portion of the petition which alleged useable value of the property which it is claimed was converted by the defendant in error. If the allegation of the petition that the taking of the property was wrongful was sustained by the proof, then the defendant in error would be liable to the plaintiff in error for any and all damages occasioned by such taking and such conversion, and up to the time that this property was destroyed by fire it must have had a useable value, and.this allegation of useable value was a necessary and proper allegation in the petition where the plaintiff seeks to recover damages sustained by a wrongful and unlawful con-

version.   Independent of the question as to whether under a wrongful taking and unlawful conversion, the defendant in error would  be liable for  the useable  value subsequent to the time the same was destroyed by fire, it seems to us that he would certainly be liable for the useable value up to the time of such destruction.   Then from another point of view, we think this allegation was proper as the useable value might be a criterion by which the market value of the property could be determined.

The fifth request contained in the motion to strike out which was that exhibits "A" and "B" be stricken out, was also sustained, notwithstanding the fact that no exhibits were in fact attached.   This, to say the least, was unnecessary.

The second and fourth request in the motion to strike out seeks to strike out that portion of the petition which alleges that the plaintiff in error, Berry, was able, ready and willing to pay the balance due on the property, that the defendant had expressly agreed to accept him, Berry, as paymaster, and agreed upon the terms and conditions of payment, and the said Berry had performed as far as it was his duty to perform, such agreement, and had tendered to the defendant all the requirements of the agreement, and that notwithstanding the subsequent agreement, and performance on the part of Berry, that the defendant had unlawfully taken, and wrongfully converted the personal property described in the petition.   This it seems to us was a plain, simple statement of fact, and a statement of fact which, if true, would entitle the plaintiff to recover, and we do not think that a party to an action can be prejudiced by a statement of fact upon which the action of the other party rests,

and for this reason we think it was error on the part of the district court to strike out those portions of the petition.

The other assignment of error is that the court erred in sustaining the demurrer of the defendant to the petition, and dismissing the cause at the cost of the plaintiffs. The two grounds upon which the demurrer was sustained were: First, because several causes of action are improperly joined; and second, because the petition does not state a cause of action. These can be considered as one. An examination of the amended petition will disclose that the material allegations of the petition are that plaintiffs were the owners, and in the possession of certain property, describing it, that the said property was of the value of $3000, and that it was purchased of the defendant, and that to the outfit as described, so purchased of the defendant, was added a weigher and self feeder which was of the value of $275.00. That upon the said purchase price had been paid to the defendant, $1451.51. That on the 26th day of August, 1899, while the plaintiffs were the owners, and in the peaceable and quiet possession of said property, the said defendant unlawfully and wrongfully took possession of the same, from the plaintiffs; that the defendant, knowing all of the facts, the ability and readiness of the plaintiffs to pay any balance due on account of the purchase price of the said threshing outfit, accepted plaintiff Berry, and released the original purchasers, Smith & McDonald, and did as a matter of fact make and enter into a different contract with the plaintiff Berry for said property. That thereafter, and while the said defendant was in the wrongful possession of the said property which was out of and away from the control of the plaintiff, all of the said property, by reason of the carelessness and negligence of the

defendant, was burned and destroyed, with the exception of the engine, which the defendant still keeps, and has and still retains the possession of the same, and that all of said property was of the value of $3000.00.

It seems to us that there can be no question but that these allegations in the petition raised an issue which the parties were entitled to have submitted to a jury. There was the issue raised by this allegation as to whether the property was wrongfully taken from the possession of the plaintiffs. There was also the question at issue as raised by this petition, as to whether the defendant, prior to the taking of possession of this property had not entered into another and different agreement with Berry, and as to whether or not Berry had performed on his part the subsequent or new agreement, and whether the defendant was not in default in not performing its part of the agreement, and as to whether, under the circumstances, the taking of the possession of this property by the defendant was wrongful.

But it is contended by counsel for defendant in error that this entire question has been settled in the case of *Geiser Mfg. Co., v. Berry, et al.,* 70 Pac. 202, and it is contended that this identical case was before this court and it was there decided by this court that these facts did not entitle the plaintiff to a judgment, and that this decision became the settled law of the case. We have carefully examined the decision in the 70 Pac., and we do not think that the contention of the counsel for defendant is correct. All that was there decided was that it was error for the district court to hold that the action of the probate court in sustaining the demurrer to the petition in the original action was *res adjudicata* as to the right of possession. In that case the jury was

instructed that the action of the probate court in sustaining the demurrer to the petition .in replevin was conclusive of the right of possession, and the only question remaining was the amount of damages. This court held, and we think ·properly, that as the issue raised by the demurrer to the petition in replevin in the probate court could have been decided without deciding the merits of the question of the right of possession, that this decision of the probate court on the demurrer was not necessarily conclusive of the right of possession, and for this reason, and this reason alone, the judgment of the district court was reversed. But this decision of the supreme court in no way affects the right of these parties to have the question of the right of possession tried in the district court, and the allegations of the petition raise the identical issue of the right of possession, and should have been submitted to a jury under proper instructions of the court.

It is also contended that the allegations of the petition as to property having been destroyed by fire through the carelessness and negligence of the defendant in error is not stated with sufficient definiteness. That the manner in which the defendant in error was careless is not stated. Some authorities are cited to sustain this position. But we believe a different rule obtains where parties are shown to be at the time of the fire wrongfully in possession, to that which obtains in the class of cases cited in the authorities. But even if this contention is tenable, it would only prove that the petition might be subject to a motion to make more definite and certain. In the absence of such a motion, we think that this petition states the carelessness with sufficient certainty.

One of the allegations of the petition is that the ma-chinery and threshing outfit as it is called, which was taken, was of much greater value than the balance due the defendant from the Smiths, and the allegation is made that Berry, the plaintiff in error, having become the owner and entitled to whatever possession and rights the Smiths held, it was due to Berry that an accounting be had, and any balance which might remain after the payment of the indebtedness to the defendant in error should be paid to him. But in the most liberal construction that might be made with reference to the conduct of the defendant as plaintiff in the original suit men-tioned, it would seem that justice and fair dealing would dictate that they should have proceeded to take the property by virtue of their chattel mortgage, and to dispose of the property as in the mortgage provided, and to ap-ply the proceeds to the satisfaction of their debt so that the parties might determine whether any balance remains. This would seem to be in keeping with equity and good conscience. But this petition contained the statement fairly and squarely of the conversion of all of this property by the defendant, and this was a traversable fact, and a fact which, under proper instructions, should have been submitted to a jury, and we think the action of the court in striking out portions of the petition, and in sustaining a general demurrer to the petition and dismissing the case at the costs of the plain-tiff, was such error for which the case will be reversed.

We do not desire at this time to be understood as ex-pressing any opinion as to whether the taking and conver-sion of the property by the defendant was rightful or wrong-ful, as under this decision this case must again be submitted to the jury, and we only say that the petition, and the alle-

gations therein contained, raised an issue which should be tried by a jury under proper instructions of the court. For this reason, the judgment of the district court is reversed at the costs of the defendant in error, and the cause remanded to the district court for further action in accordance with this opinion.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.