First Nat. Bank of El Reno v. Davidson-Case Lumber Co. et al.

# FIRST NAT. BANK OF EL RENO v. DAVIDSON-CASE LUMBER CO. *et al.*

No. 4211. Opinion Filed December 7, 1915.

(153 Pac. 836.)

1. **APPEAL AND ERROR—Review—Denial of New Trial—Final Judgment.** Proceedings will lie to this court to review the granting or refusal to grant a new trial, notwithstanding no final judgment is shown by the record to have been rendered in the action.

2. **APPEAL AND ERROR—Presentation Below—Failure to Make Findings and Conclusions.** When a party to an action, tried to the court, timely requests the findings of fact and conclusions of law to be found and concluded by the court, and the court fails to make such findings and conclusions, and such failure of the court is not excepted to, nor stated as a ground for a new trial in the motion for a new trial, this court will not review such action of the court.

3. **APPEAL AND ERROR—Scope of Review—Denial of New Trial.** Where there is no final judgment shown by the record, but an order appears, showing that a new trial has been denied, the only review that will be made in such case will be the grounds stated in said motion for a new trial, and whether or not the grounds alleged, or any one of them, entitled movant to a new trial.

4. **WITNESSES—Conversation with Person Since Deceased—Interest in Litigation.** Section 5049, Rev. Laws 1910, does not render incompetent a conversation had with a deceased person by an agent and manager of plaintiff, where such agent is not a party to the action or in any way interested in the litigation.

5. **MORTGAGES—Mechanics' Lien—Priority.** The fact that a materialman's lien was not of record at the time a mortgage was given by the owner of the property to one other than the one claiming the materialman's lien will not affect the right to the lien of the materialman, where, after the giving of such mortgage, the materialman's lien is filed in the manner and within the time provided by law.

6. **APPEAL AND ERROR—Presentation for Review—Brief—Evidence—Denial of New Trial.** A ground in a motion for a new trial that improper evidence was admitted will not be considered in reviewing the action of the court on a motion for a new trial, unless the evidence complained of is brought forward into the brief.

First Nat. Bank of El Reno v. Davidson-Case Lumber Co. et al.

7. **APPEAL AND ERROR**—Review—Denial of New Trial—Final Judgment. This case and the case of Mobley v. C., R. I. & P. Ry. Co., 44 Okla. 788, 145 Pac. 321, differentiated, and **held** not to be in conflict.

(Syllabus by Collier, C.)

*Error from District Court, Canadian County;*
*John J. Carney, Judge.*

Action by the Davidson-Case Lumber Company against the First National Bank of El Reno, Oklahoma, a corporation, and others. From the judgment, the defendant named brings error. Affirmed.

*George S. Pearl,* for plaintiff in error.

*H. L. Fogg* and *W. E. Bennett,* for defendant in error.

Opinion by COLLIER, C. This action was brought by the Davidson-Case Lumber Company, hereinafter called "plaintiff," to enforce a materialman's lien upon the buildings named in the petition in said cause for the sum of $1,174.17. The First National Bank of El Reno, T. K. Craig, and L. A. McAllister, who were alleged to claim some interest in, or lien on, the buildings described in said petition, were, together with the administratrix of the estate of N. A. Carr, deceased, who had had said buildings erected, made parties defendant in this action. By agreement, the case was tried to the court. The said bank moved that plaintiff be required to make its petition more definite and certain, which motion was overruled and ruling excepted to. Thereupon said bank demurred to the petition, "upon the ground that the facts alleged in the petition did not state a cause of action," which demurrer was overruled and ruling excepted to. Thereafter said bank answered, denying specifically the allegations of plaintiff's petition, and alleging that it foreclosed a chattel mortgage, executed by the owner of said building to it, upon said building, and

prayed that the rights of the answering defendant, under its chattel mortgage foreclosure, be declared superior to all claims of the plaintiff herein. A reply was filed by plaintiff to the answer made by the bank, denying every allegation and statement in said answer. T. K. Craig filed an answer and cross-petition, averring that by reason of work and labor performed by himself, to the amount of $189.40, and for work and labor performed by L. A. McAllister, to the amount of $67.80, in constructing the buildings described in said petition, which said last-named claim said McAllister had assigned to him (Craig), he (Craig) had a superior lien to that of plaintiff on said buildings. Said bank filed a motion to require plaintiff in said cross-petition to make said cross-petition more definite and certain, so as to show whether or not said assignment of said claim of McAllister to Craig was in writing; which motion was overruled and exceptions saved. The administratrix of the estate of N. A. Carr, deceased, filed an answer, denying each and every allegation contained in plaintiff's petition, and admitting that she was the duly appointed, qualified, and acting administratrix of the estate of said N. A. Carr, deceased. Over the objection and exception of the bank, Tompkins, who was the agent and manager of plaintiff, was permitted to testify as to a conversation held by him with the deceased, N. A. Carr, in regard to the subject-matter of the suit; but the evidence is not set out in the brief.

No final judgment is shown by the record to have been rendered in this case; but there is an order of the court, denying a motion for a new trial, to which exception was saved. In the state of the record, there being no final judgment therein, the only error assigned that we can review is the action of the court in refusing a new trial.

We do not think the court erred in overruling the motion of said bank to make the petition of plaintiff more definite and certain, for the reason that it was entirely immaterial as to when the buildings were commenced, or when they were completed; the material questions involved being the time the last material used in the buildings was furnished, and whether or not the lien was filed within the time provided by law. When the material for several buildings is being furnished by the same materialman to a party for the erection of buildings on the same tract of land, it is not necessary to specify the parts of such material used in each specific building.

We are unable to see that the case of *Ryndak v. Seawell,* 13 Okla. 737, 76 Pac. 170, cited in brief of the bank as in 14th Okla., conflicts with the view herein expressed, or in any way tends to support the contention of the bank that said motion to make more definite and certain should have been sustained.

The demurrer of the bank to the petition, for the reason that it did not state facts sufficient to constitute a cause of action, is, in our opinion, without merit. The averments in the petition as to the bank were that it had, or claimed to have, some interest in said improvements or premises described in the petition, and the prayer was that said bank be required to set up its interest, claim, or lien in regard to said property; and this averment and prayer gave said bank full information as to the cause of action which it was called upon to defend against. Again, the demurrer was not upon the ground that the petition failed to state a cause of action against said bank, but is directed to the petition as a whole; and, as the petition states a good cause of action upon open account against the administratrix of

the estate of the deceased, who had said buildings erected, the demurrer was without force.

In *Berry et al. v. Geiser Mfg. Co.*, 15 Okla. 364, 85 Pac. 699, it is held:

"Where the language of the petition is sufficiently explicit to raise an issue of fact upon which the pleader would be entitled to recover in the case, it is error to sustain a general demurrer to the petition."

It is true that section 3872, Rev. Laws 1910, provides that:

"Where a statement has been filed and recorded as herein provided, such assignment may be made by an entry, on the same page of the mechanic's lien docket, containing the record of the lien, signed by the claimant, or his lawful representative, and attested by the clerk; or such assignment may be made by a separate instrument in writing."

In short, an assignment of a materialman's lien, after the same has been filed, can only be made in the way provided by statute; that is to say, the assignment must be in writing. From a strictly technical view, the court should have required said cross-petition to be made more definite and certain; but, as the subsequent pleadings of the bank show that it had full knowledge that said assignment was in writing, and its only complaint was as to the form thereof, we think that the court's action, though technically wrong, was harmless error.

There is no question but that at the proper time said bank requested the court to make findings of fact and conclusions of law, and this it was clearly the duty of the court to do. Section 5017, Rev. Laws 1910. We have carefully examined and considered the record as to what purports

to be the findings of fact and conclusions of law made by the court, and are compelled to hold that the claimed findings of fact and conclusions of law, set up in the record, do not constitute findings of fact and conclusions of law. But the record fails to disclose that said bank excepted to the failure of the court to make findings of fact and conclusions of law, or assigned in its motion for a new trial, as a ground therefor, the failure of the court to make such findings of fact and conclusions of law. Because of this failure to except and state as a ground for a new trial in the motion for a new trial, the dereliction on the part of the court to make such findings of fact and conclusions of law must be regarded as waived. Had proper exceptions been taken to said action of the court in failing to make findings of fact and conclusions of law, and such fact stated as a ground for a new trial in the motion for a new trial, such failure of the court would have been reversible error. *Insurance Co. of North America v. Taylor*, 34 Okla. 186, 124 Pac. 974.

We are unable to say whether or not the court erred in admitting incompetent testimony, as the substance of the testimony complained of is not set out in the brief of plaintiff in error, and we are therefore under no obligation to consider this assignment.

As there is no final judgment in the record, we are unable to say that the judgment, if any was rendered by the court, is not supported by the evidence introduced at the trial.

We do not think the admission of the evidence of Tompkins as to his conversation with Carr, upon the ground that said Tompkins was agent and manager of the

plaintiff, was in violation of section 5049, Rev. Laws 1910, inasmuch as he was not a party to the litigation, nor in any manner interested therein, nor disqualified as a witness under said section.

The fact that when the bank took its mortgage it was with the declaration of the deceased owner of the buildings that every building was completed, except the house 26 by 30 feet, then in course of construction, and that there was. no record of any lien having been filed, in no wise affected the lien of plaintiff, if its lien was not filed until after the execution of said mortgage, provided it was filed within the time authorized by law.

It is urged by plaintiff that, inasmuch as there is no final judgment shown by the record, there is nothing appealed from, and that this court is without jurisdiction to review the case; but this insistence is without merit, as section 5236, Rev. Laws 1910, provides that an appeal may be taken to this court from an order of court refusing or granting a new trial. Said section has been construed by this court, in *Roof v. Franks*, 26 Okla. 392, 110 Pac. 1098, wherein Justice Turner says:

"By motion to dismiss defendant in error challenges the jurisdiction of this court to inquire into the merits of this case on the ground that no judgment has been entered on the verdict in the trial court. We think we have jurisdiction. Wilson's St., sec. 4733, provides that this court may reverse, vacate, or modify an order overruling a motion for a new trial. This we have jurisdiction to do notwithstanding judgment has not been entered on the verdict. *American Surety Co. v. Ashmore et al.*, 74 Kan. 325, 86 Pac. 453, and authorities there cited; *Lookabaugh v. Cooper*, 5 Okla. 102, 48 Pac. 99."

Our holding that this court has jurisdiction to review the granting or refusal to grant a new trial, in a case in which no final judgment is shown by the record, is not in conflict with the case of *Mobley v. Chicago, R. I. & P. Ry. Co.,* 44 Okla. 788, 145 Pac. 321, as in that case there was neither a final order, an order upon a motion granting or refusing a new trial, nor a final judgment.

The court properly refused to grant a new trial, and its order should be affirmed.

A rehearing having been granted, we recommend that the former opinion filed herein be withdrawn, and that this opinion be adopted as the opinion of the court.

By the Court:   It is so ordered.