## HENDRIX et al. v. RINEHART et al.

No. 22062. March 27, 1934.

Erwin & Erwin, for plaintiffs in error.

John Adams, for defendants in error.

BAYLESS, J. This action was commenced in the district court of Logan county, by Thomas Hendrix and Amanda Hendrix, his wife, hereinafter called plaintiffs, and George W. Huckaby, hereinafter referred to by name, against Hazel Rinehart, Lenora Gathers, and James H. Lockwood, hereinafter referred to as defendants, to reform a royalty deed executed by Thomas Hendrix and Amanda Hendrix, his wife, conveying certain mineral interests to the defendants.

The plaintiffs allege in their petition that plaintiffs executed a deed to defendants, conveying a one-half interest in the gas, oil, and mineral rights in a certain tract of land situated in Logan county, and that by mutual mistake of the parties, inaccurate, inappropriate, and improper language, said deed was drafted to convey a one-half participating mineral royalty; that it was the intention of the parties to transfer and receive a one-half nonparticipating mineral royalty, and that by reason of such mutual mistake of the parties, the deed should be reformed to express the true intent and purpose of the parties.

The defendants denied generally and admitted the execution and delivery of the deed. Defendants, further answering, say that it was the mutual intention of the parties to said warranty deed that the grantees in said deed should have all the rights granted and conveyed in said mineral deed, except it was the oral understanding of the parties at the time that the annual rentals due on the oil and gas lease on said premises which was then on said land should not be paid to the grantees; and, following out said oral understanding, these defendants did not claim any of the annual rental on said oil and gas lease at any time up to the commencement of this suit. But it was the mutual understanding of the parties to said deed that said grantees should have the right to one-half of the bonuses on all future oil and gas leases that might be placed on said premises, and to one-half the annual rentals on such future oil and gas leases, and to one-half of the royalty of minerals

when the same should be produced therefrom.

After the commencement of this suit Thomas Hendrix died; his death was suggested to the court and the suit revived in the name of Amanda Hendrix, as administratrix of the estate of Thomas Hendrix, deceased.

A jury was waived, and the cause submitted to the court. The court found in favor of the defendants, refusing to reform said deed, from which order the plaintiffs appeal.

In discussing the facts, it is agreed that plaintiff established by the witness J. M. Heath, who was one of the grantees in the deed, that the royalty sold by Hendrix and wife and purchased by the witness and the defendants was a nonparticipating royalty, that is, one which reserved to the grantors all of the rentals and bonuses. The witness also testified that $500, the price paid for a nonparticipating royalty, was a fair price therefor at that time on account of a drilling well or proposed test well in that immediate vicinity.

Prior to the commencement of the action, the witness Heath executed a waiver for the plaintiff Huckaby, after the latter purchased the land, disclaiming any interest in the rentals on the existing lease and bonuses and rentals on any future leases. But the defendants refused to execute a waiver. The testimony of the witness Heath was corroborated by that of the plaintiff Amanda Hendrix.

The defendants offered Will Rinehart as their only witness. The plaintiffs objected to the competency of the witness to testify pertaining to any transaction or communication with the deceased plaintiff, and also objected for the further reason that he was the husband of the defendant, Hazel Rinehart. The court also permitted this witness to testify regarding conversations with S. J. Favor, the admitted agent of the plaintiffs, who also died previous to the trial.

The plaintiffs make several arguments in support of their specifications of error, only two of which are material upon the record presented to us:

"1. The court erred in overruling plaintiffs' objection to the competency of the witness, Rinehart.

"2. That the decision and judgment of the trial court are not sustained by the evidence and are contrary to the law."

The plaintiffs urge in the first proposition that the witness Rinehart, being the husband of one of the defendants, and claiming to have acted as agent for Hazel Rinehart, is an incompetent witness within the meaning of section 588, C. O. S. 1921 (271, O. S. 1931), which provides:

"No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where such party has acquired title to the cause of action immediately from such deceased person. * * *"

Upon examination of the record we find that Rinehart testified that his conversations and transactions were not had with the deceased, but, on the contrary, were had with S. J. Favor, agent of the plaintiffs. This being true, the statutory provision urged by plaintiffs is inapplicable. In this connection, we find, in 28 R. C. L., "Witnesses," sec. 88, page 501:

"As a general rule the agent of a decedent is not so identified with his principal that a transaction with him, or communication to him, is equivalent to a personal transaction or communication with his principal, within the meaning of a statute prohibiting a party to, or person interested in the event of a suit against the estate of a deceased from testifying to a personal transaction had with the latter.

"* * * In this view, where the principal is dead, the fact that the agent is also dead is absolutely immaterial, as the statutes protect transactions with the deceased and not with the agent."

See, also, Newman v. Newman (Ohio St.) 133 N. E. 70, 18 A. L. R. 1089.

Plaintiff further contends that Rinehart was an incompetent witness for the reason that he was the husband of one of the defendants and necessarily interested in the results of the action. He testified he acted only as his wife's agent, and not on his own behalf. Section 272, O. S. 1931, provides:

"* * * Husband and wife are incompetent witnesses to testify for or against each other, **except concerning transactions in which one acted as agent of the other.** * * *"

As to the second proposition argued by plaintiffs, we cannot, after an examination of the record as a whole, agree with plaintiffs' contention that the judgment of the court is not sustained by the evidence, but, on the other hand, we find there was sufficient evidence upon which to render the judgment complained of, and that the judgment of the trial court is reasonably supported by the evidence. We have repeatedly held:

"In order to justify a reformation of a deed or contract, the evidence must be full, clear, unequivocal, and convincing as to mistake and its mutuality. Mere preponderance of the evidence is not enough. The proof must establish the facts to a moral certainty, and take the case out of the range of reasonable controversy."

Another well-established rule of this court by which this record must be judged is that:

"In a case of purely equitable cognizance, the Supreme Court will review the testimony, but will not disturb the findings and judgment of the trial court, unless the same is clearly against the weight of the evidence."

Based upon these rules, the findings and judgment of the trial court in this case must be affirmed.

RILEY, C. J., and SWINDALL, BUSBY, and WELCH, JJ., concur.