WOODSIDE, Adm'r, et al. v. MULLEN.

No. 30753. March 30, 1943.

Rehearing Denied May 4, 1943.

Application for Leave to File Second Petition for Rehearing Denied May 18, 1943.

*136 P. 2d 871.*

P. D. Erwin, of Chandler, for plaintiffs in error.

M. A. Cox, and William A. Vassar, both of Chandler, and John Berglund, Jr., of Clay Center, Kan., for defendant in error.

PER CURIAM. The defendant in error, hereinafter referred to as plaintiff, instituted this action on August 14, 1940, against the plaintiffs in error, hereinafter referred to as defendants, to quiet title to a quarter section of land situated in Lincoln county.

The facts which gave rise to the litigation, as reflected by the record, will be briefly stated. In 1909, Joseph L. Woodside, the father of the plaintiff, purchased the land here involved from the Commissioners of the Land Office and received a certificate of purchase therefor bearing date of March 1, 1910. Drainage assessments were levied against the land, and on December 18, 1911, Joseph L. Woodside, and wife, transferred the aforesaid certificate to the plaintiff. The transfer thus made was approved by the Commissioners of the Land Office, and thereupon a certificate of purchase was issued to the plaintiff on January 30, 1912. The plaintiff unsuccessfully contested the validity of the drainage assessments which had been levied against the lands. See Gayman v. Mullen, 58 Okla. 477, 161 P. 1051. The plaintiff then proceeded to pay said drainage assessments as they became due as well as the installments on her certificate of purchase. Joseph L. Woodside and his family continued to occupy the premises and to cultivate and use the same without the payment of any rent. The plaintiff, however, as owner executed certain right-of-way grants and an oil and gas mining lease on the premises and received and retained the money paid for such grants and the bonus and rentals provided in the oil and gas mining lease. The ad valorem taxes assessed against said land for the years 1910 to 1916, inclusive, were paid by Joseph L. Woodside. The ad valorem taxes assessed against said lands for the years 1917 to 1939, inclusive, were paid by the plaintiff. In 1930 the wife of Joseph L. Woodside departed this life, and he continued to reside on the premises until his death, which occurred on May 28, 1939. Linn H. Woodside, who had been residing on the premises with his father, on April 2, 1940, was appointed administrator of the estate of Joseph L. Woodside, deceased, and in connection therewith asserted that the lands here involved were assets of the estate of the deceased and should be distributed to the defendants and plaintiff as heirs of said estate. The plaintiff thereupon instituted the instant action to quiet title as against such claim. Plaintiff in her petition alleged, in substance, that she was the absolute owner of the premises by virtue of the certificate of purchase which had been issued to her by the

Commissioners of the Land Office on January 30, 1912. The defendants in their answer alleged that Joseph L. Woodside and wife had transferred the original certificate of purchase to plaintiff on December 18, 1911, as security for any advancements which plaintiff should make in the way of payment of drainage assessments, taxes, and payment of installments on the purchase of the lands, and as such constituted an equitable mortgage giving plaintiff a lien on said premises for said amounts, and that such lien had been satisfied and discharged by the payments which plaintiff had received for right-of-way grants and bonus and rentals for the oil and gas mining lease which she had theretofore executed, and that therefore plaintiff should not be allowed to claim title to such land in herself. Plaintiff replied with a general denial. Upon the issues substantially as above stated the cause was tried as one in equity and resulted in judgment in favor of plaintiff.

As grounds for reversal of the judgment below the defendants submit the following propositions:

"1. The defendants were competent witnesses to testify to a conversation between the agent of the plaintiff and their deceased parents.

"2. The evidence as to the value of the farm at the time of its transfer was improperly excluded.

"3. The judgment is not sustained by the evidence."

Under their first proposition defendants argue that Fred D. Mullen, the husband of plaintiff, was her agent in obtaining the transfer of the certificate of purchase from Joseph L. Woodside and wife on December 18, 1911, and that this rendered defendants competent witnesses to testify to an alleged conversation between the said Fred D. Mullen and the parents of the defendants and removed such transaction from the operation of the statute which prohibits a party interested in suit against the estate of the deceased person from testifying to a personal transaction had with deceased. Had agency been proved, the contention of the defendants would not be without merit. See Hendrix v. Rinehart, 167 Okla. 621, 31 P. 2d 113; Gaines Brothers v. Gaines, 176 Okla. 576, 56 P. 2d 869; Ogle v. Oklahoma City Horse & Mule Commission, 173 Okla. 34, 47 P. 2d 130; First National Bank of El Reno v. Davidson-Case Lumber Co., 52 Okla. 695, 153 P. 836. There was, however, not only an absence of any proof of agency, but the offer of proof made by the defendants shows that it had reference to an alleged conversation which occurred subsequent to the transaction of December 18, 1911, and which at most constituted a mere expression of a desire by Fred D. Mullen rather than any promise or inducement made or held out by him to obtain such transfer. Under these circumstances we hold it was not error to sustain the objection to the competency of the defendants to testify since the precedent conditions which would render them competent witnesses were not shown to exist.

Under the next proposition the defendants contend that their offer of proof as to the value of the farm at the time of the transfer of the certificate of purchase from their parents to the plaintiff was improperly excluded. In considering whether a transaction was a sale or a mortgage value of the property involved is a proper object of inquiry. See Wagg v. Herbert, 19 Okla. 525, 92 P. 250, 36 Am. Jur. 765, § 153, 41 C. J. 337, § 99. This, however, is only one element to be considered and is not decisive, and where in a trial had to the court such evidence is excluded it will not constitute reversible error in the absence of a showing that a constitutional or substantial statutory right of the party offering such evidence has been thereby prejudiced. 22 O. S. 1941 § 1068; Springfield Fire & Marine Ins. Co. v. Simmons, 184 Okla. 323, 87 P. 2d 941. The exclusion of this evidence, under the record here presented, does not appear to have affected any substantial right of the defendants.

Finally, it is contended that the judgment is not sustained by the evidence. In support of this contention defendants cite Embry v. Villines, 175 Okla. 552, 53 P. 2d 277, which announces the general rule applicable to the consideration of purely equitable actions, and Weitz v. Moulden, 109 Okla. 119, 234 P. 583; Flowers v. Flowers, 94 Okla. 134, 221 P. 483, and additional cases from this and other jurisdictions which announce the rule that where a confidential relation exists the plaintiff has the burden of establishing the fact that no advantage was taken of the parties involved. The rules so announced are sound, but we fail to see where they have more than an incidental application to the case at bar. The action, as heretofore pointed out, was one to quiet title. Plaintiff relied upon the certificate of purchase which when completed would give her the fee-simple title. The evidence introduced was sufficient to support her claims and to entitle her to judgment. The defendants did not allege or attempt to prove any unfairness or overreaching in the transaction, but at most undertook to prove an oral agreement to hold the land in trust and to convey upon payment of all sums which plaintiff had expended in the purchase and protection thereof. We are of the opinion, however, that the evidence was insufficient to have established such condition had it otherwise been proper. From a review of the entire record we think that the evidence justifies the conclusion that the plaintiff bought the premises with an idea of providing her parents with a home during their life, and that the transfer of the certificate originally made had no other purpose than that as between plaintiff and her parents it was all intended that the property should be that of the plaintiff and that all that her parents expected or desired was to occupy the same as a home through the generosity of the plaintiff, and that the trial court properly so found and held. The most that can be said of the evidence of the defendants is that it conflicted in some particulars with that introduced by the plaintiff. It is not essential to the validity of a judgment in equity that it rest entirely upon uncontradicted evidence, nor is it fatal to such a judgment that a different conclusion might have been drawn from all of the evidence. See Johnson v. Rowe, 185 Okla. 60, 89 P. 2d 955; Ranson v. Fields, 169 Okla. 68, 35 P. 2d 935.

An examination of the entire record and weighing the testimony involved does not show the judgment to be against the clear weight of the evidence, and it therefore follows that such judgment should not be disturbed.

Judgment affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.