ANDERSON et al. v. ABBOTT.

No. 30887. May 25, 1943.

Rehearing Denied June 22, 1943.

*138 P. 2d 545.*

Rittenhouse, Webster, Hanson & Rittenhouse, of Oklahoma City, for plaintiffs in error.

C. C. Hatchett, of Durant, for defendant in error.

GIBSON, V. C. J. This action was instituted in district court by L. B. Abbott against Jim Anderson and others, heirs at law of Ella Anderson, deceased, to quiet title to a tract of land in Bryan county. Judgment was for plaintiff, and defendants appeal.

The land in controversy was originally a portion of the allotment of Ellen Jones, a citizen of one of the Five Civilized Tribes. For the purposes of this opinion we describe the disputed tract merely as the south 40 acres of the allotment of 120 acres which lay in one tract, except for a section line dividing the north 40 acres from the south 80. The tract in controversy is the south half of the south 80.

In 1917 one Will Russell purchased the allotment from the allottee, and in 1918 executed to said Ella Anderson a deed covering the south 80 acres. In December, 1919, Ella Anderson and her husband, the defendant Jim Anderson, executed to Will Russell a deed covering all the aforesaid allotment except the south 40 acres, thus leaving record title to the latter in Ella Anderson. Thereafter, no deeds were executed on the south 40 acres until November 25, 1931, when Will Russell conveyed the same by deed to Durant National Bank along with the remainder of the aforesaid allotment, and other lands.

On September 3, 1937, said bank conveyed the entire allotment, with other lands, to the plaintiff Abbott.

The alleged cloud on plaintiff's title is the deed of 1918 executed by Russell to Ella Anderson describing the south 80 acres. It is charged that said deed was intended by the grantor and grantee to convey the north 80 acres and was not intended to describe the south 40 acres. Plaintiff seeks to reform the deed and thus clear the record title of the south 40 acres.

Plaintiff further alleged that he and his predecessors had been in open, notorious, and exclusive possession of said south 40 acres for more than 20 years.

The trial court found all issues generally in favor of plaintiff, and that he was the owner and in possession of the land in controversy, and decreed reformation of the deed of 1918 executed by Russell to Ella Anderson to describe the north 80 acres of said allotment and to exclude the south 40.

Defendants say the evidence was wholly insufficient to warrant the decree reforming the deed. And they assign as error the action of the court in permitting Russell, over defendants' challenge to his competency, to testify for plaintiff concerning the transaction surrounding the deed executed by Russell to Ella Anderson in 1918, in that Russell was disqualified to testify concerning that matter by reason of 12 O. S.

1941 § 384. Said section reads as follows:

"No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where such party has acquired title to the cause of action immediately from such deceased person; nor shall the assignor of a thing in action be allowed to testify in behalf of such party concerning any transaction or communication had personally by such assignor with a deceased person in any such case; . . ."

Defendants rely particularly on the last clause of the above-quoted provisions, saying that Russell as grantor of plaintiff was the "assignor of a thing in action" within the meaning of the statute, and was therefore disqualified to testify for plaintiff concerning the transaction between the witness and Ella Anderson, since deceased. Grison Oil Corp. v. Lewis, 175 Okla. 597, 54 P. 2d 386.

The circumstances here are quite similar to those involved in the latter case. There, the plaintiff had received a conveyance of land from her husband, and sought to quiet title as against a deed theretofore executed by her husband to a person since deceased, alleging that the deed actually was intended as a mortgage. This court held that the husband was disqualified to testify concerning the issue since he was "the assignor of a thing in action" within the meaning of the last clause of the above-quoted portion of the statute, and therefore could not testify concerning the transaction and communications had personally with the deceased in relation to the execution and delivery of the deed under attack.

There is a distinction here, however. In the case cited the witness' testimony concerned communications had personally by him with the deceased, while in the instant case the witness Russell did not testify concerning transactions

or communications had personally by him with the deceased Ella Anderson, but concerning transactions and communications had with the defendant Jim Anderson, her husband and agent who acted for her. Such testimony is not prohibited by statute. Hendrix v. Rinehart, 167 Okla. 621, 31 P. 2d 113. The rule is there stated as follows:

"As a general rule, the agent of a decedent is not so identified with his principal that a transaction with him, or communication to him, is equivalent to a personal transaction or communication with his principal, within the meaning, of a statute prohibiting a party to, or person interested in the event of a suit against the estate of a deceased from testifying to a personal transaction had with the latter."

Russell's testimony shows clearly that the transactions and communications leading up to and ending in the execution of the deed to Ella Anderson were had by him with Jim Anderson. He was competent to testify concerning his intention and his understanding with Jim Anderson with reference to the land to be conveyed by the deed. He said he did not intend to convey the 40 acres in question.

The decree reforming the deed of 1918 and quieting title in plaintiff was well supported by the evidence, and cannot be said to be against the clear weight thereof.

Jim Anderson and Ella Anderson occupied the north 80 acres of the allotment aforesaid until January, 1920. In that same year Ella Anderson died. There is no substantial evidence that either of them, or anyone in their behalf, ever considered the 40 acres as belonging to them. Anderson testified that he had asserted no claim to the tract since 1920. It is true, he said that Russell had remained in possession of the 40 acres under an agreement with him to pay the taxes in consideration for use of the land for grazing purposes, thus making it appear that Russell occupied the land as his tenant. But there is evidence to the contrary that is just as convincing, and we are unable to say that it was not of more weight. The evidence shows beyond doubt that plaintiff and his predecessors in title had been in possession of the premises for at least 20 years.

While the burden of proof was on plaintiff, the foregoing evidence concerning possession, and the failure of the defendants to ever assert any claim under the deed, is material to the issue of the intention of the parties to the transaction of 1918, and is indicative that Anderson, who was a party to the transaction, never considered the deed as a conveyance of the 40 acres in question. In that respect it bolsters, and lends credence to the testimony of Russell.

In view of the above conclusion, it becomes unnecessary to consider the argument relating to the question of title by prescription.

The judgment is affirmed.

CORN, C. J., and OSBORN, BAYLESS, WELCH, HURST, and ARNOLD, JJ., concur. RILEY and DAVISON, JJ., absent.