THE AMERICAN SURETY COMPANY OF NEW YORK V. SAMUEL ASHMORE *et al.*

No. 14,710. (86 Pac. 453.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*Review of Order Denying a New Trial.* Proceedings will lie to this court to set aside an order of the trial court denying a motion for a new trial notwithstanding no judgment has been rendered in the action.

2. PRACTICE, DISTRICT COURT—*Instructions—Evidence.* It is also *held,* that because of the absence of evidence it was error for the trial court to give the instruction quoted in the opinion.

Error from Shawnee district court; ALSTON W. DANA, judge. Opinion filed July 6, 1906. Reversed.

STATEMENT.

THIS action was commenced by the plaintiff in error to recover on an indemnity bond executed to it by the defendants in error. It appears that there was a litigation pending in the district court of Grayson county, Texas, involving the settlement of a large estate, and that there were persons living in Kansas who claimed to be interested and who wished to intervene in that action to protect their interests. These persons were required to give a bond for costs before they were permitted to intervene. The American Surety Company of New York made this cost bond for them, but before it would make the bond it required the contemplated

litigants to give an indemnity bond to protect it from loss. In compliance with this requirement the defendants executed to it the bond sued on in this action.

The intervenors were adjudged to pay certain costs. The clerk of the Grayson county court sent to the surety company a cost bill for $194.29, which was paid by the defendants and was supposed by them and by Mr. H. E. Valentine, the local agent of the surety company in Topeka, to include all the costs that the intervenors would be required to pay. Subsequently, however, another bill for costs, amounting to $200, was presented to the surety company, which it was compelled to pay, and which, upon demand, the defendants refused to pay to the company, and this action was brought upon the indemnity bond to recover this item.

The nature of the action in Texas was such that the trial court was required to appoint a lawyer to represent what are there called "unknown heirs." That was done, and it was the fee of $200 of such appointee, taxed as costs in the case, which the surety company paid and which it now seeks to recover from defendants.

The pleadings of the defendants, in addition to a general denial, alleged that when they paid to Mr. H. E. Valentine the item of $194.29 costs he represented that this would release them from all liability on the bond; that the bond should be canceled; that this was everything in the nature of costs chargeable to them, and that there could be no further liability on the bond; that relying upon these representations they took no steps to protect themselves against the judgment for further costs, and were not present in court when the judgment for the $200 was rendered against them; and that had they not been relying upon the representations, statements and promises of Mr. Valentine they would have appeared in the Texas court and defeated the recovery of the judgment. Some other matters were alleged in the answer, which are unimportant.

The jury returned a verdict for defendants Wellcome

and Dunn. The plaintiff moved for a new trial, which was denied. It is to reverse this order denying its motion for a new trial that it prosecutes error.

*Valentine, Godard & Valentine,* for plaintiff in error.
*Robert T. Herrick,* for defendants in error.

The opinion of the court was delivered by

GREENE, J.: The defendants challenge the jurisdiction of this court to inquire into the merits of this cause on the ground that no judgment has been entered on the verdict against the plaintiff. This contention cannot be sustained. Section 5019 of the General Statutes of 1901 provides that this court may reverse or vacate an order denying a motion for a new trial. This may be done independently of the rendition of a judgment on the verdict. (*Backus v. Clark,* 1 Kan. 303, 83 Am. Dec. 437; *Osborne, Ex'r., v. Young,* 28 Kan. 769, 774; *Thompson v. Wheeler & Wilson Mfg. Co.,* 29 Kan. 476.) A litigant may prosecute a proceeding in error to set aside an order refusing him a new trial although the verdict and judgment are in his favor.

The principal error assigned is the giving of the following instruction:

"If, then, you believe from the evidence in this case that such an indemnity agreement was executed by these defendants to the plaintiff company; and that after the termination of the suit in the Texas court the plaintiff company took exclusive charge and control of the matter of the settlement of the costs of said litigation in the Texas court; that afterward correspondence and communications were had between plaintiff company and these defendants with reference to these costs wherein plaintiff company called upon these defendants to pay a certain judgment for costs rendered in said court against plaintiff, and that plaintiff company at the time represented to these defendants that said judgment comprised all the costs in said suit, and that upon payment of said judgment for costs by these defendants to the plaintiff to be applied to the payment of said judgment for costs plaintiff company

would release and discharge these defendants from all further liability to the plaintiff company under and by reason of said indemnity agreement; and if you further believe from the evidence that payment was so made by these defendants, Wellcome and Dunn, to plaintiff company to be so applied, and that it was the understanding between the plaintiff company and these defendants at the time that said payment was made that it was considered and understood as a full and final settlement between plaintiff company and these defendants of any and all liability of these defendants to plaintiff under and by virtue of said indemnity agreement, and that that was the understanding between the parties at the time said payment was made, and that said payment was so accepted by plaintiff company, then I instruct you that these defendants would not be liable to this plaintiff for any additional costs subsequently paid by it to the Texas court."

This instruction should not have been given. There is no evidence to justify it. There is no evidence tending to show that the plaintiff represented to the defendants, as an inducement to them to pay the $194.29 costs, that this was all of the costs, or that the plaintiff represented to them that upon the payment of the $194.29 costs it would release them from further liability to it, or that it had or would cancel the bond. All the evidence on this subject is contained in the letters which passed between H. E. Valentine and the defendants. This correspondence is as follows:

"HOLTON, KAN., May 5, 1903.
*"H. E. Valentine, Res. Asst. Secy., Topeka, Kan.:*
"DEAR SIR—Yours of the 4th is at hand. Herewith find draft $97.14 in full payment of my share of your claim for costs in case of Sarah A. Dove *et al.* v. H. P. Howard *et al.*, in district court of Grayson county, Texas.

"Please collect the other half from Mr. William Wellcome as per your agreement, and send me a receipt releasing me from all liability on the bond.

Yours truly,      ALEX DUNN, JR."

"C—American Surety Company of New York.

May 7, 1903.
"*Alex Dunn, jr., Holton, Kan.:*

"DEAR SIR—I am in receipt of your favor of the 5th inst. enclosing draft for $97.14 in payment of one-half of the amount which the surety company has been notified is due on the bond written in the case of Sarah A. Dove *et al.* v. H. P. Howard *et al.* in the district court of Grayson county, Texas. I have collected the same amount from Mr. William Wellcome, and will to-day forward the entire sum to Texas to pay the costs.

"I cannot send you a receipt releasing you from all liability on the bond. While I am very certain that there will be nothing more taxed against the principals of the bond or the surety company in this case, and that we are free from any further liability, yet should there be any further liability the surety company will have to look to you and Mr. Wellcome to indemnify it.

Yours truly,

H. E. VALENTINE, *Res. Asst. Secy.*"

"TOPEKA, KAN., May 20, 1903.
"*Mr. Alex Dunn, jr., Holton, Kan.:*

"DEAR SIR—I herewith hand you copy of letter and receipt written by the clerk of the district court of Grayson county, Texas, to the Dallas, Tex., representative of the American Surety Company, which would indicate that everything is settled and there can be no further liability against you and Mr. Wellcome. The originals of these I send to the home office of our company so that the bond may be canceled.

Yours truly,       H. E. VALENTINE,
*Resident Assistant Secretary.*"

These letters show that Mr. Valentine not only refused to release the defendants from their liability on their bond but plainly informed them that if further costs should be adjudged against the parties the surety company would look to them for protection.

In the absence of any evidence upon which this instruction can be based it was prejudicial error to submit it to the jury. For this reason the order of the trial court denying plaintiff's motion for a new trial is set aside and the cause remanded, with instructions to grant a new trial.

All the Justices concurring.