### ROOF *et al.* v. FRANKS.

No. 1125. Opinion Filed May 10, 1910.

(110 Pac. 1098.)

APPEAL AND ERROR—Briefs — Sufficiency. Where the brief of plaintiffs in error fails to contain an abstract statement of the facts, and such other matters required by rule 25 (20 Okla. xii, 95 pac. viii) "as are necessary to a full understanding of the questions presented to this court for examination, so that no examination of the record itself need be made by this court," and fails to set forth the full substance of the testimony admitted over objection, and the objection thereto, and fails to set out in whole or in part totidem verbis the instructions given and refused and relied on as error, the appeal may be dismissed.

(Syllabus by the Court.)

*Error from Custer County Court; A. H. Latimer, Judge.*

Action by Tom Franks, by his next friend, against G. W. Roof and others. Judgment for plaintiff, and defendants bring error. Dismissed.

*G. W. Cornell,* for plaintiffs in error.

*J. W. Lawter,* for defendant in error.

TURNER, J. On September 21, 1908, Tom Franks, a minor, by his next friend, defendant in error, plaintiff below, sued G. W. Roof, J. J. Roof, and the First National Bank of Weatherford before a justice of the peace in that city and later on trial anew in the county court recovered a judgment of $78 and cost. The amended bill of particulars substantially states that in the spring of that year he leased of G. W. and J. J. Roof 50 acres of land and planted a crop of cotton thereon; that they were to and did furnish said land and the teams, feed, and seed necessary to raise the crop, which he was to plant and cultivate and give one-half; that about June 1st. said defendants caused said crop to be insured against damage by hail, the policy being made payable to plaintiff and said defendants jointly as their interests might appear; that they executed a joint note for the premium; that said crop was later damaged by hail, for which they received net $156, evidenced by draft made payable by the insurance company to plaintiff and said defendants; that defendant G. W. Roof without plaintiff's consent or authority so to do indorsed said draft to defendant the First National Bank of Weatherford, which, in turn, indorsed it, and together said defendants secured the money thereon and refused to pay him his share thereof on demand. For answer defendants, after general denial, pleaded that said land was Indian land, and for that reason they had no authority to lease it to plaintiff, and no right to insure said crop, nor any right to collect said insurance, as said lease had never been approved by the Indian agent and the Commissioner of Indian Affairs and the Secretary of the Interior, as required by law. After the suit had been dismissed as to J. J. Roof, there was trial to a jury which resulted in a verdict for plaintiff. After motion for a new trial filed and overruled defendants G. W. Roof and the First National Bank bring the case here.

By motion to dismiss defendant in error challenges the jurisdiction of this court to inquire into the merits of this case on the

ground that no judgment has been entered on the verdict in the trial court. We think we have jurisdiction. Wilson's St. § 4733, provides that this court may reverse, vacate, or modify an order overruling a motion for a new trial. This we have jurisdiction to do notwithstanding judgment has not been entered on the verdict. *American Surety Co. v. Ashmore et al.*, 74 Kan. 325, 86 Pac. 453, and authorities there cited; *Lookabaugh v. Copper,* 5 Okla. 102, 48 Pac. 99. This cause will be dismissed on other grounds. Rule 25 of this court (20 Okla. xii, 95, Pac. viii) makes certain requirements that must be observed. In this case no attempt is made so to do, owing to which it is impossible to tell from the brief of plaintiffs in error what this suit is about. Disregarding said rule, said brief does not contain an abstract statement of the facts and such other matters therein required "as are necessary to a full understanding of the questions presented in this court for decision, so that no examination of the record itself need be made in this court." Neither is this defect supplied by defendant in error, who fails to favor us with a brief except on the motion to dismiss. Under the head "Statement of the Case," nothing appears resembling such a statement. Under the head "Errors Complained of" is assigned 16, covering 6 pages. In two of these complaint is made of the admission of testimony without an attempt to set forth its "full substance" or the "objection thereto." Seven of the alleged errors assigned are in giving or refusing to give certain instructions, referred to by number and page of the transcript, without setting them out in whole or in part *totidem verbis.* The "Argument" is leveled at no assignment of error in particular, but all in general. We are impliedly invited to make the application. We decline.

The case is dismissed.

All the Justices concur.