### PHILLIPS *et al.* v. OLIVER *et al.*

No. 7771.    Opinion Filed December 14, 1915.

Rehearing Denied February 29, 1916.

(155 Pac. 586.)

**APPEAL AND ERROR—Presentation for Review—Denial of New Trial.**
Under the second subdivision of section 4436, St. 1893 (section 5236, Rev. Laws 1910), this court has jurisdiction to review errors predicated upon an order that "grants or refuses a new trial," although it does not appear that any judgment has been entered in the case; but, where neither verdict of a jury nor any findings of fact or conclusions of law upon which a judgment may be predicated is shown by the case made, and this court cannot ascertain therefrom the result of the trial against which the motion for new trial was directed, so as to determine whether the errors assigned were harmful, the petition in error will be dismissed.

(Syllabus by the Court.)

*Error from District Court, Atoka County;*
*J. H. Linebaugh, Judge.*

Action by Naoma P. Phillips and another against W. D. Oliver and others. Judgment for defendants, and plaintiffs bring error. Dismissed.

*R. M. Rainey* and *J. G. Ralls,* for plaintiffs in error.

*J. M. Humphreys, J. T. Dickerson,* and *Gray & Mc-Vay,* for defendants in error.

THACKER, J.  The plaintiffs commenced this action to perpetually enjoin the defendants and each of them, and their servants and employees, from going upon a certain tract of land in Atoka county, containing 572.85 acres, more or less, and from drawing any casing out of wells on said land, and from removing any casing from said land that had been drawn from any wells thereon, and from tearing down or destroying any fencing upon or around said land, and also asked for a temporary injunction in the meantime, which was granted.

On April 26, 1914, upon a hearing on defendants' motion, said temporary injunction was unconditionally "so modified as to eliminate therefrom all the fixtures and personal property, except the outside casing now in said wells and described as an eight-inch casing, and so as to permit the defendants to go upon the premises and remove therefrom all said property, except said outside eight-inch casing, and to pull all of said casing from said well, except said outside eight-inch casing," also so as to permit the defendants to "pull and remove from the premises said outside eight-inch casing" upon the condition of the giving and approval of a bond, conditioned and otherwise as re-

quired by the order, in the sum of $750, which bond was to supersede the temporary injunction, and which bond was given, and on May 4, 1914, approved. On December 21, 1914, the defendants filed their answer, consisting of a general and special denial; and the case-made recites, in effect, that on February 10, 1915, the case came regularly on for trial to the court without a jury upon a hearing to dissolve the injunction, following which recital appears the evidence introduced by the respective parties. Next following the evidence in the case-made appears a motion for a new trial, filed on February 15, 1915, and under date of April 28, 1915, appears an order overruling said motion.

The petition in error was filed in this court, and it sets forth the following errors: (1) Said court erred in overruling the motion of the plaintiffs in error for a new trial. (2) Said court erred in not rendering judgment for the plaintiffs in error on the evidence and record of this cause. (3) Said court erred in rendering judgment in favor of the defendants in error and against the plaintiffs in error in said action.

The defendants move the dismissal of the petition and proceedings in error upon the following grounds: (1) The case-made does not contain a copy of the judgment sought to be reversed. (2) This is an appeal after the expiration of 30 days from an order discharging or modifying a temporary injunction, if any such order was ever made by the trial court.

Under the second subdivision of section 4436, Stat. 1893 (section 5236, Rev. Laws 1910), the Supreme Court may reverse, vacate, or modify an order "that grants or

refuses a new trial"; and in *Roof v. Franks,* 26 Okla. 392, 110 Pac. 1098, citing *American Surety Co. v. Ashmore et al.,* 74 Kan. 325, 86 Pac. 453, and *Lookabaugh v. Cooper,* 5 Okla. 102, 48 Pac. 99, it is said that this court has jurisdiction to reverse, vacate, or modify an order overruling a motion for a new trial "notwithstanding judgment has not been entered on the verdict." Where there is a verdict in a case tried to a jury, or where there are findings of fact and conclusions of law in a case tried to the court without a jury as a predicate for judgment, so that the adverse party is entitled to entry of judgment for him, and it appears therefrom what the judgment to be entered should be, this court will, of course, review the action of the trial court in overruling a motion for a new trial; but where, as here, the result of the trial is not shown, and there is nothing therefore to show against what harmful error the motion for new trial is directed, this court cannot intelligently, and will not undertake to, review errors assigned upon such order overruling the motion for new trial.

For the reasons stated, the petition in error is dismissed.

All the Justices concur.