## MACKIN v. DARROW MUSIC CO.

No. 8368—Opinion Filed Dec. 24, 1917.

(169 Pac. 497.)

1. **Appeal and Error — Extension Order — Construction — "60—10—5 to Make and Serve Case-Made."**

Where the recital in the record showing the order of the trial court extending the time for making and serving case-made is "60—10—5 to make and serve case-made," such recital is commonly understood by the bench and members of the bar to mean 60 days given to appellant in which to prepare and serve a case-made, 10 days for appellee to suggest amendments, and 5 days' notice to be given by either side for the settling and signing of a case-made, and such recital of order extending time within which to make and serve case-made is sufficient.

2. **Evidence — Parol Evidence — Contradiction of Terms of Writing — Proof of Cotemporaneous Oral Contracts.**

While parol testimony is inadmissible to change or contradict the terms of a written contract, yet a parol contract may be made between the parties cotemporaneously with the execution of the written agreement, providing it is separate and independent, and its terms in no way conflicting with or contradictory to the written stipulation. Thus, where the plaintiff sold to the defendant a piano at a stipulated price to be paid a certain amount down and the balance in installments, and the plaintiff retaining title to the same until the full amount was paid, the terms of the sale being evidenced by a written contract, it is competent for the defendant to show by parol evidence in an action for the balance due on the purchase price that the plaintiff and the defendant entered into a cotemporaneous parol agreement whereby it was agreed that the defendant might pay for the piano in hauling for the plaintiff, and that the plaintiff breached the parol agreement by refusing to furnish the defendant hauling as provided for in the parol agreement, as the parol agreement did not contradict or vary the written contract, except as to the manner of payment, which could be shown by parol.

(Syllabus by Pryor, C.)

Error from County Court, Tulsa County; J. W. Woodford, Judge.

Action by the Darrow Music Company against James Mackin. Judgment for plaintiff, motion for new trial overruled, and defendant brings error. Reversed and remanded, with directions to grant a new trial.

C. R. Thurlwell and Samuel A. Boorstin, for plaintiff in error.

Fred W. Kopplin, for defendant in error.

Opinion by PRYOR, C. This is an action commenced in the justice court of Tulsa county by the Darrow Music Company, defendant in error, against James Mackin, plaintiff in error, for the recovery of the possession of a certain piano or the value thereof. The parties will be referred to as they appeared in the trial court.

From a judgment in favor of the defendant, plaintiff appealed to the county court of Tulsa county, where the case was tried de novo to a jury, and the jury returned a verdict in favor of the plaintiff, the Darrow Music Company, against James Mackin, defendant, for the sum of $89.22 or for the return of the property sued for.

A motion for a new trial was filed by the defendant, which was overruled by the court, and the defendant appeals from the action of the court in overruling said motion for a new trial.

The piano involved in this action was sold to the defendant by the plaintiff for the sum of $315, which was evidenced by a written instrument in the nature of a promissory note containing a provision that the title of the piano should remain in the plaintiff until the said sum was paid. The contract provided for payments in installments; $30 in cash, and the balance to be paid $10 each month until the full amount was paid; de-

ferred payments to draw interest at the rate of 8 per cent. per annum. The itemized statement of the plaintiff showed that there was at the time of the institution of this suit due the sum of $98.28.

The defendant for his answer alleges that he and plaintiff had an independent oral contract whereby it was agreed between plaintiff and defendant that the defendant should pay for the piano in hauling, and that the plaintiff had breached the oral independent contract by reason of the plaintiff refusing to furnish the defendant hauling, and further claims a set-off for storage of boxes for the plaintiff.

The defendant urges several assignments of error for the reversal of this cause, but the following is all that it is deemed necessary to consider here: That the court erred in excluding competent testimony offered by the defendant to prove his defense under the oral agreement at the time of the sale of the piano entered into.

Before taking up the consideration of the assignment of error by the defendant, there are some preliminary questions raised by the plaintiff which should be disposed of. The plaintiff insists that this appeal should be dismissed for the following reason: That the record does not show any final judgment rendered on the verdict by the trial court in said cause; that the order of the trial court extending the time in which to prepare and serve the case-made is so indefinite and uncertain that the same is void.

The case-made in this cause does not show that any judgment was rendered on the verdict in said cause, but the law is well settled by the decisions of this court and the decisions of the Supreme Court of Kansas from where the Code of Civil Procedure is taken that an appeal can be taken from an order overruling a motion for a new trial, notwithstanding no judgment has been pronounced in accordance with the verdict. Roof v. Franks, 26 Okla. 392, 110 Pac. 1098; Phillips v. Oliver, 53 Okla. 168, 155 Pac. 586 —this court following the decision of the Supreme Court of Kansas in the case of Am. Surety Co. v. Ashmore, 74 Kan. 325, 86 Pac. 453. The record does not show that any formal order was signed by the judge and entered in the court below, but the case-made does contain the following recital:

"Civil 1939, Darrow Music Company v. James Mackin. Motion for new trial heard; overruled. Defendant excepts."

This record in this particular is the same as the record in the case of Holmberg v. Will, 49 Okla. 138, 152 Pac. 357, and this court held that recital therein was sufficient to give the court jurisdiction to hear and determine the cause on appeal. That case was followed with approval by this court in the case of St. L. & S. F. R. Co. v. Talliaferro, 58 Okla. 585, 160 Pac. 610.

The most serious question raised by the plaintiff in insisting that the cause should be dismissed is that the phrase "60—10—5 to make and serve case-made," which follows immediately the above recital as to the overruling the motion for a new trial, and is the only record that the court gave the defendant an extension of time in which to make and serve a case-made, is insufficient on account of its indefiniteness and ambiguity to be a valid order extending time in which to make and serve a case-made. This question was raised almost under the identical phrase in the case of McCann v. McCann, 24 Okla. 264, 103 Pac. 694, and while this court commented on the same as being a serious question, it did not decide whether or not it was a sufficient order extending time in which to make and serve a case-made.

In the case of St. L., I. M. & S. R. Co. v. Farley, 57 Okla. 405, 157 Pac. 300, the recital in the order of the court was "motion for new trial overruled, and defendants except (60—10—5)." This court held that the figures "(60—10—5)," standing alone, were not susceptible of any legal construction and too indefinite and ambiguous to be construed as an order extending time in which to make and serve a case-made. But in this case the phrase "60—10—5 to make and serve a case-made" clearly and definitely shows that the figures "60—10—5" have reference to making and serving a case-made. The plaintiff contends that the phrase does not show to whom the time is given in which to make and serve a case-made, if the same should be construed to be sufficient to give time to make and serve a case-made. In this contention there seems to be no merit, for the reason that under no possibility could there be any reason for giving time to make and serve a case-made to any one, except to one against whom the judgment was rendered and the one seeking to appeal from said judgment, the defendant. It is a matter of common practice among the members of the bar and the members of the court, in making up a record for appeal and the granting of time in which to make and serve a case-made; for the trial court, in orally granting the time, uses the brief expression as above or one very similar, and

the counsel, in asking for time in which to make and serve a case-made, use such words and figures, and the bench and the bar are familiar with the expression and know the meaning thereof. That the figure "60" means 60 days' time given the appellant to make and serve a case-made; the figure "10" means the time which the appellee has to suggest amendments; the figure "5" means the notice required for settling and signing the record. While such brevity of expression is not universally indulged in by the bench and bar, and the same is not commended, especially in making up the records, as the records should be more full and complete in stating the actions of the court, it is believed that the meaning of the phrase is well understood, and there is no reason to believe that any one would be misled to his prejudice by the use of the same. In this case there was an order entered later by the court giving additional time to the defendant in which to make and serve his case-made, and there seems to have been no misunderstanding as to what the phrase meant at the time. Certainly there is nothing in this record to show that the plaintiff had been prejudiced for the want of a more fully expressed and explicit order in granting time in which to make and serve the case-made. While such method in making a record evinces reckless carelessness, the objection is in reality essentially too technical. The contention of the plaintiff that this case should be dismissed for the foregoing reasons is denied.

The defendant, as his defense to the action of the plaintiff, alleged that he had an independent contract with the plaintiff whereby it was agreed he should pay for the piano purchased by him from the plaintiff in hauling. He offered testimony to establish this defense. Upon the objection of the plaintiff that such evidence was incompetent, as tending to vary and contradict the terms of a written contract, the court excluded the same to, which the defendant excepted. It is the contention of the defendant that this evidence was not intended to contradict or vary the terms of the written instrument sued upon; that it was intended and, if it had been admitted, would have established an independent contract made contemporaneously with the execution of the written contract, that is, that he could under the law establish an independent agreement as to the manner of the payment of the obligations under the written contract. This contention of the defendant must be substantiated. While it is a universal rule recognized by all courts that parol testimony cannot be introduced to vary or contradict the terms of a written instrument, it is well established that parol evidence may be introduced to show that the parties had an independent oral contract concerning the same subject-matter, if, however, the terms of the oral contract are not in contravention of the terms of the written contract.

The Supreme Court of Kansas, in the case of Weeks v. Medler, 20 Kan. 57, had the identical question presented here before it, In that case the defendant gave the plaintiff a promissory note for a sewing machine, and when sued upon said note the defendant set up as a defense that the plaintiff had promised in an independent oral agreement to furnish the defendant work to perform in payment of the note. The court held that the defendant had a right, under the law, to prove this defense.

In the case of Johnston v. McCart, 24 Wash. 19, 63 Pac. 1121, the Supreme Court of Washington passed upon the same question involved here, the suit involving very similar, if not identical, facts, and the court held that the defendant might introduce parol testimony to prove an independent oral contract. It must be held that the trial court erred in excluding the foregoing testimony complained of by the defendant.

The judgment of the lower court is reversed and remanded, with directions to grant a new trial.

By the Court: It is so ordered.