## LILLARD v. MEISBERGER.

No. 15166—Opinion Filed Sept. 8, 1925.

Rehearing Denied Nov. 10, 1925.

### (Syllabus.)

1. **Appeal and Error—Case-Made—Notice of Settlement—Waiver by Stipulation.**

No reason exists why notice should be served upon the attorneys of record to appear at the time of settling of the case other than that the parties may have their suggestions considered, and, if approved, adopted; but where, as in this case, it is stipulated and agreed between the parties that the case-made contains a full, true, correct, and complete copy and transcript of all the proceedings in said cause, including all pleadings filed and all proceedings had, all the evidence offered and introduced, all the orders and rulings made, and exceptions allowed, and all the records upon which the judgment and journal entry in said cause were made, the same is a full, true, correct, and complete case-made, the defendant in error has no cause for complaint.—Pioneer Tel. & Tel. Co. v. Davis, 26 Okla. 205, 109 Pac. 299.

2. **Same—Extension of Time—Validity of Order.**

Where the recital in the record showing the order of the trial court extending the time for making and serving case-made is

"60-10-5 to make and serve case-made," such recital is commonly understood by the bench and members of the bar to mean 60 days given to the appellant in which to prepare and serve a case-made, 10 days for appellee to suggest amendments, and 5 days' notice to be given by either side for settling and signing of case-made, and such recital of order extending time within which to make and serve case made is sufficient.

### 3. Appeal and Error—Record Defective as to Judgment—Dismissal.

A record which fails to contain a copy of the final order or judgment sought to be reviewed, and in which it is not made to appear that the same is of record in the trial court, presents no question to this court for its determination, and the appeal will be dismissed.

### 4. Same—Defective Record as to Order Overruling Motion for New Trial.

Where the record does not contain an order of the court overruling a motion for new trial, a mere recital (in the case-made) that the motion for new trial was in fact overruled and exceptions allowed, is insufficient in the absence of such order, and there is nothing properly before this court for review.

Error from District Court, Oklahoma County; Wm. H. Zwick, Judge.

Action by Eugene Meisberger against Ross N. Lillard and J. W. Burns. Judgment for plaintiff, and defendant Lillard appeals. Dismissed.

Robertson & Lillard, S. P. Freeling, and A. E. Allen, for plaintiff in error.

Warren K. Snyder, for defendant in error.

RILEY, J. This case is appealed from the district court of Oklahoma county, and defendant in error files a motion to dismiss the appeal: First, because the case-made was settled and signed without notice and before the time had expired in which to suggest amendments; second, because J. W. Burns, one of the defendants below, was not served with case-made; and third, because order extending time in which to serve case-made has no legal significance and does not extend the time.

The record shows that the case-made was settled and signed on the same day that the time expired in which to serve same. The certificate of the trial judge shows that the parties stipulated that the case-made was correct and waived suggestions of amendments and notice. The motion is unsupported and not even sworn to, and in the absence of some substantiation either by affidavit, verification, or oral testimony, the certificate of the trial judge must prevail.

It is true that the record does not show affirmatively a waiver, but this defect is cured by the certificate of the trial judge, as a waiver may be had without the formal matter of the waiver appearing of record. Ranney-Davis Mercantile Co. v. Morris et al., 88 Okla. 107, 211 Pac. 1044; Tulsa Ice Co. v. Wilkes, 54 Okla. 519, 153 Pac. 169; Pioneer Telephone Co. v. Davis, 26 Okla. 205, 109 Pac. 299; First Nat. Bank v. Daniels, 26 Okla. 383, 108 Pac. 748.

As to the second ground, Lillard and Burns were sued as a partnership by the defendant in error and judgment rendered against them, and Lillard appealed, but Burns did not, and the matter is final as to him. Lillard seeks no relief against Burns; if that were true, it would be necessary for Lillard to serve Burns with case-made, but as the case stands Burns will not be affected by any judgment this court may render.

Coming to the third ground of the motion, suffice it to say that the order of the trial court overruling motion for a new trial contains the recital "60-10-5 days to make and serve case-made", which is sufficient. Mackin v. Darrow Music Co., 69 Okla. 1, 169 Pac. 497. This motion has been heretofore filed and denied, and defendant in error may not renew it in her brief without leave of the court first had and obtained; such permission has not been requested. The motion is denied.

But there is a matter which arises on the face of the record independent of the motion which is jurisdictional, and that is, no judgment was rendered by the court on the verdict of the jury in so far as the record discloses. In Aetna Life Insurance Co. v. Kramer, 65 Okla. 165, 165 Pac. 179, this court held that:

Under subsection 2, section 780, Compiled Oklahoma Statutes, 1921, "this court has jurisdiction to reverse, vacate, or modify an order overruling motion for new trial, notwithstanding the judgment has not been entered on the verdict where there is a verdict in a case tried to a jury."

This case followed Roof et al. v. Franks, 26 Okla. 394, 110 Pac. 1098; Phillips v. Oliver, 53 Okla. 168, 155 Pac. 586, where the same rule is announced.

In Kansas City, M. & O. Ry. Co. v. Fain, 34 Okla. 164, 124 Pac. 70; Meadors v. Johnson, 27 Okla. 543, 117 Pac. 198; and Schuck v. Moore, 48 Okla. 533, 150 Pac. 461, this court held:

"A record which fails to contain a copy of the final order or judgment sought to be reviewed, and in which it is not made to appear that the same is of record in the trial

court, presents no question to this court for its determination, and the appeal will be dismissed."

An examination of the case-made in the Railway Company Case, the Meadors Case, and the Schuck Case, supra, shows that they were tried to a jury, a motion for new trial was made and overruled by order of the court, regularly signed, and then appealed. No judgment was rendered on the verdict. These cases refused to follow the Roof Case in 26 Okla. 394, which seems to be the predicate for the holding in the Life Insurance Case, and the Phillips Case, supra. In this jurisdiction the order of the court overruling motion for new trial is usually treated as the final order in the case, and from which the appeal is taken, but this is a mere matter of procedure and is by no means exclusive, as an appeal may be taken from the judgment of the court, and when so taken the time begins to run, for serving case-made and filing in the Supreme Court, from the date thereof, except an appeal is also taken from order overruling motion for new trial, when it begins to run from date of that order.

It is the judgment of the court that determines the matters in issue, and the issues cannot be determined on their merits on appeal except by review of the judgment, while an order overruling motion for new trial has no other office. While subsection 2, of section 780, Comp. Stats. 1921, provides for appeal from an order granting or refusing a new trial, yet this court will determine for itself whether the record is such as it has jurisdiction to review, and jurisdiction cannot be conferred by a mere order overruling a motion for a new trial where no judgment was rendered in the case.

The second matter fatal to this appeal arising upon the face of the record is that the record contains no order overruling motion for new trial. The following recital appears in the case-made:

"At this time this case is called and motion for a new trial overruled—exceptions—notice of appeal given in open court, clerk directed to note same on trial docket; 60-10-5 days to make and serve case-made, twenty (20) days to supersede."

The above recital shows that motion for a new trial was overruled, but there is no order of the court in the record to that effect, and such recital can avail nothing in the absence of the order itself. The order of the court must be exhibited in the record, and a mere recital that such an order was made is not sufficient. In Mois v. Caulk, 44 Okla. 342, 144 Pac. 623, in an opinion by Mr. Commissioner Brewer, this court held:

"On the first point mentioned, while it is true that there is a recital in the case-made that the motion for new trial was in fact overruled and excepted to, yet it appears therein merely as a recital and there is no order of the court exhibited to such effect."

This case is squarely in point and is supported by Ford v. McIntosh, 22 Okla. 423, 98 Pac. 341; In re Garland, 52 Okla. 585, 153 Pac. 153; and Courtney v. Moore, 51 Okla. 628, 151 Pac. 1178.

An order of the trial court overruling a motion for a new trial must be made with the same solemnity as a judgment on the merits, and a mere recital in the clerk's minutes as in the case at bar, which finds its way into the case-made, cannot be substituted for such an order, or supply the defect for failure to make it. The appeal is dismissed.

NICHOLSON, C. J., and MASON, PHELPS, LESTER, HUNT, and CLARK, JJ., concur.

Note.—See under (1) 4 C. J. p. 360, § 2010. (2) 4 C. J. pp. 351, 352, § 1996. (3) 4 C. J. pp. 45, § 1622, 486, 487, § 2228. (4) 4 C. J. pp. 92, § 1689, 95, § 1693 (Anno). See under (1, 2) 2 R. C. L. pp. 158, 159; 4 R. C. L. Supp. p. 86; 5 R. C. L. Supp. p. 75.