### MICHELSON et al. v. LABOVITZ

No. 17439—Opinion Filed Dec. 14, 1926.

(Syllabus.)

**Appeal and Error—Requisite Contents of Record—Order Overruling Motion for New Trial.**

Where the record does not contain an order of the court overruling a motion for new trial, the mere recital in the clerk's minutes of the proceedings in the trial court that a motion for a new trial was in fact overruled and exceptions allowed is insufficient in the absence of such order, and an appeal therefrom presents nothing to this court for review.

Error from County Court, Seminole County; Thomas I. Cummings, Judge.

Action between A. Michelson et al. and Mary Labovitz. From the judgment, the former bring error. Dismissed.

Hutson, Smith & Franklin, for plaintiffs in error.

Hill & Criswell and A. M. Fowler, for defendant in error.

PER CURIAM. This cause was tried in the county court of Seminole county before a jury. A verdict was rendered by the jury,

and motion for a new trial filed. The only record of any action taken by the trial court on the motion for new trial is the the minutes of the court clerk, as follows:

"January 16, 1926.

"Motion for new trial overruled. Defendant excepts and gives notice in open court of his intention to appeal to the Supreme Court of the state of Oklahoma, and asks the court to fix supersedeas bond."

The order of the trial court should be recorded in the journal of the court, or a formal journal entry thereof should be signed by the trial judge and filed, and a copy thereof incorporated in the case-made before this court can consider the same on appeal. The mere recital in the clerk's minutes of the proceedings in the trial court that a motion for a new trial was in fact overruled and exceptions allowed is insufficient.

In the case of Lillard v. Meisberger, 113 Okla. 228, 240 Pac. 1067, it is said:

"An order of the trial court overruling a motion for a new trial must be made with the same solemnity as a judgment on the merits, and a mere recital in the clerk's minutes as in the case at bar, which finds its way into the case-made, cannot be substituted for such an order or supply the defect for failure to make it."

Under the rule laid down as above, this case, on motion of the defendant in error, should be and is dismissed.

Note.—See 4 C. J. p. 514, §2287.