## TURNER v. WELLS.

No. 27809. June 29, 1937.

T. L. Turner, for plaintiff in error.

Carl A. Beavin and Wise & Ivester, for defendant in error.

PER CURIAM. The plaintiff in error attempts to appeal from an order overruling motion for new trial on September 26, 1936. An examination of the record discloses that the order overruling motion for new trial is not in the record. In Lillard v. Meisberger, 113 Okla. 228, 240 P. 1067, we said:

"Where the record does not contain an order of the court overruling a motion for new trial, a mere recital (in the case-made) that the motion for new trial was in fact overruled, and exceptions allowed, is insufficient, in the absence of such order, and there is nothing properly before this court for review."

To the same effect see Morris v. Caulk, 44 Okla. 342, 144 P. 623, and City of Tulsa v. Kay, 124 Okla. 243, 255 P. 684.

A record which fails to contain a copy of the final order or judgment sought to be reviewed, and in which it is not made to appear that the same is of record in the trial court, presents no question to this court for determination, and the appeal will be dismissed. Lillard v. Meisberger, supra; Schuck v. Moore, 48 Okla. 533, 150 P. 461.

It further appears upon examination of the case-made that it was never filed in the trial court after settlement by the trial judge nor attested by the court clerk. In Harner v. Beese, 175 Okla. 641, 54 P. (2d) 321, we said:

"Under section 785, C. O. S. 1921 (section 534, O. S. 1931), it is mandatory that after the case-made has been certified, settled, signed and attested as provided by law, the same must be filed with the papers in the lower court. There being no regularly filed case-made attached to the petition in error, the appeal is dismissed."

For the reasons stated, the appeal is dismissed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, CORN, and GIBSON, JJ., concur.