HOME STATE BANK OF HOBART
v. SULLINS.

No. 31912. March 11, 1947.

*178 P. 2d 86.*

Hughes & Hughes, of Hobart, for plaintiff in error.

Clayton Carder, of Hobart, for defendant in error.

ARNOLD, J. This is an action by the Home State Bank against V. E. Sullins brought in the district court of Kiowa county to recover the balance on a promissory note about five years after maturity, which note was secured by a chattel mortgage.

Upon the trial, had about seven years after the transaction, the evidence disclosed that Mr. Swanson, as agent for the bank, went to see the defendant with authority from the bank to get title to and take possession of the property covered by the mortgage. The evidence, together with all reasonable inferences that may be drawn therefrom, reasonably tends to establish that in the conversation between the agent and the defendant the agent represented to the defendant that if the property was turned over to him and a bill of sale transferring the title was executed by the defendant, that the same would be accepted in satisfaction of the balance due on the note. This oral agreement as to cancellation of the note was not incorporated in the bill of sale executed by the defendant, but the testimony tends strongly to show that this was one of the inducements held out to the defendant as a reason for executing the bill of sale.

The plaintiff's testimony positively denies the authority of its agent, Swanson, to settle and discharge the obligation and it contends that the alleged agreement of settlement, if made, was without authority, invalid and not binding upon it.

In plaintiff's petition the bill of sale was not pleaded. However, the bill of sale was identified by plaintiff's witness, Swanson, and was introduced in evidence. Thereafter evidence introduced by the defendant to prove the agreement of settlement alleged by him was objected to on the theory that such evidence was in variance of the terms of the written bill of sale. The rule that evidence contrary to the terms of written instruments is not admissible in the absence of an allegation of mistake or fraud is not applicable under these circumstances. Mackin v. Darrow Music Co., 69 Okla. 1, 169 P. 497; Edwards v. City National Bank of McAlester, 83 Okla. 204, 201 P. 233; City National Bank of McAlester v. Edwards, 100 Okla. 202, 229 P. 487.

There is no merit in the contention that there was no consideration for the agreement, if made. This contention is predicated upon the fact that it was the legal duty of the defendant to deliver possession of the property upon demand of plaintiff, it being conceded that there was a balance past due on the note and the mortgage provides for voluntary delivery under such circumstances. The inapplicability of the rule relied upon is fully demonstrated by pointing out that the defendant contends, and his evidence tends to show, that title in addition to possession was conveyed in consideration of the agreement to relinquish the debt, cancel and deliver up the note. There was no duty on the part of the defendant to transfer title to the property. The transfer of title and possession saved the plaintiff the expense and trouble of foreclosure and constituted ample consideration to support the agreement.

An agent with express authority to accept payment of balance due on a note, and authorized and directed by the principal to take voluntary possession of mortgaged chattels and title thereto, has authority, in absence of proof to the contrary and notice of such limitation on the authority, to make an agreement to cancel the debt in consideration of transfer of title and possession.

In the case at bar the defendant, under the evidence and finding of the

jury, would not have delivered the property except for the agreement to cancel the debt. The agreement alleged by him, therefore, was a necessary incident to the accomplishment of the specific authority of and instruction to the agent to take possession and title, which the agent did for his principal and delivered same to the principal for final disposal, which right was, no doubt, exercised under the authority of the bill of sale.

Where an agency apparently covering the subject matter in question is established or admitted, the principal has the burden of proving any special limitations of authority (American Housing Co. v. Millikan National Bank, 273 Fed. 550, and 2 C. J. 926, Note 27 and p. 929, Note 70) and notice to, or knowledge by, the adverse party of such limitations. Continental Supply Co. v. Sinclair Oil & Gas Co., 109 Okla. 178, 235 P. 471; 2 C. J. p. 926, Note 28, p. 929, Note 70.

That Swanson was the agent of the bank to collect the balance due on the note and authorized to take title to and possession of the property for the bank on account of default in payment of the note, there can be no doubt. No one contends otherwise. One possessed of such actual authority also has the authority, in the absence of proof to the contrary and notice to defendant, in order to accomplish these important, intended and authorized results, to settle the debt in consideration of the acts of the debtor in these respects. A principal who clothes his agent with such express authority as to give rise to the implied authority to do such other things as are reasonably necessary to accomplish the desired authorized result will be held bound by the agent's acts within the scope of such implied authority unless and until the third or injured party has notice of the restriction of the agent's authority. There being no evidence that the defendant had any knowledge of such alleged restriction in the authority of the agent, the instruction complained of submitting the question of agency to the jury was more favorable to plaintiff than it was entitled to under the undisputed facts and law on the extent of the authority of the agent, Swanson. The instruction given on apparent authority was unnecessary and harmless as to the plaintiff.

Affirmed.

HURST, C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.