P. THOMAS THORNBRUGH, CHIEF JUDGE:
¶1 Appellants Louis C. Talarico, III, and LCT Capital, LLC (collectively Talarico) appeal the district court's refusal to grant a new trial of their denied motion to dismiss the libel suit of Appellee H. Michael Krimbill. On review, we find that this decision is not immediately appealable, and we dismiss this appeal on that basis.
BACKGROUND
¶2 This appeal is a companion to Appeal No. 114,777. In Appeal No. 114,777, Talarico appealed the district court's decision denying their motion to dismiss the libel petition of Appellee, Krimbill, pursuant to the Oklahoma Citizens Participation Act, 12 O.S. Supp. 2014 §§ 1430 through 1440 (OCPA or the Act).
¶3 In analyzing the Act, we found that the legislative purpose of the OCPA is to weed out meritless suits while protecting "the rights of a person to file meritorious lawsuits for demonstrable injury." OCPA § 1430. Further, the Act states that it will not "abrogate or lessen any other defense, remedy, immunity or privilege available under other constitutional, statutory, case or common law or rule provisions." OCPA § 1440. The dismissal procedures of the Act should therefore be interpreted in terms of the traditional and established views of what constitutes a meritorious suit.
*449 ¶4 After a thorough analysis of the procedural workings of the Act, we determined that the district court did not err in refusing to grant Talarico's motion to dismiss. (See Krimbill v. Talarico , 2018 OK CIV APP 37, 417 P.3d 1240 for the full details of our analysis). Talarico sought certiorari on this decision, which the Supreme Court denied without dissent. Some six months after the district court denied Talarico's dismissal motion, while the matter was on appeal, Talarico filed a petition for new trial on the motion, citing newly discovered evidence that went to the affirmative defense of "truth" in a libel action. The district court denied this petition. Talarico now attempts to appeal the denial of his petition for new trial.
STANDARD OF REVIEW
¶5 "[T]he question of jurisdiction is an issue which is primary and fundamental in each case. This Court must inquire into its own jurisdiction as well as to the jurisdiction of the court from which the appeal is taken, regardless of whether it is raised by the litigants." Baylis v. City of Tulsa , 1989 OK 90, ¶ 6, 780 P.2d 686, citing Cate v. Archon Oil Co. , 1985 OK 15, 695 P.2d 1352, n. 12.
ANALYSIS
I. MAY TALARICO FILE A PETITION FOR NEW TRIAL IN THESE CIRCUMSTANCES?
¶6 Krimbill's brief raises the question of whether the decision by the district court was a "trial," the result of which may be contested by an immediately appealable petition for new trial. Established law is clear that many decisions by a district court are not subject to appellate review until the conclusion of the litigation.[1] At the same time, however, 12 O.S.2011 § 952(b)(2) provides for the immediate appellate review of an order that grants or refuses a new trial. It is possible to argue, therefore, based on § 952, that any decision by a district court that is not immediately reviewable may be made so simply by filing a motion for a "new trial" on that decision.
¶7 This principle appears contrary to the established law that not all decisions by a trial court are within the immediate review jurisdiction of the appellate courts. Two possibilities are thereby presented: either [1] not all decisions by a district court qualify as "trials," and hence not all decisions can be the subject of a petition for "new trial;" or, [2] not all denials of a motion for "new trial" are immediately appealable.
¶8 Title 12 O.S.2011 § 952(b)(2) appears unambiguous that all properly heard and decided motions for new trial are immediately appealable. We must therefore investigate the first option. In Gilliland v. Chronic Pain Associates, Inc. , 1995 OK 94, 904 P.2d 73, the Supreme Court rejected the proposition that "every judicial refusal to give a favorable dispositive order in a prejudgment contest" constitutes a final order that "determines the action" or "prevents judgment." The order in this case did not "determine the action" and the Gilliland Court was clear that an order which "prevents a judgment" must "preclude the appealing party from proceeding further in the case for the pursuit of the very relief that is then and there sought."
¶9 The relief sought, and denied in this case was either [1] a declaration that Krimbill could not show a prima facie case for libel, or [2] a declaration that Talarico had an absolute defense to the libel action. We find no indication that Talarico is in any way prevented from pursuing these theories by summary judgment, or utilizing any new evidence he may have to defend his position in this suit, which has not yet proceeded beyond the pleading stage .[2]
¶10 Most recently, in Andrew v. Depani-Sparkes , 2017 OK 42, ¶ 17-18, 396 P.3d 210, the Supreme Court noted that, although motions for reconsideration are not technically recognized, and motions to reconsider may be treated as a § 651 motion for new trial or a motion to vacate pursuant to § 1031.1 or § 1031, not all decisions of the district court *450 are proper subjects in the first instance for a motion for new trial or motion to vacate.[3]
¶11 In this case, the OCPA dismissal decision neither "determines the action" nor prevents Talarico from proceeding further in the case on the same theories, nor does it prevent the presentation of any defense. Nor is it inherently a final order that may be reduced to judgment, any more than a denial of summary judgment constitutes a final order.[4] As an initial basis for decision, we therefore hold that the denial of an OCPA dismissal motion is not a "trial" from which a motion or petition for new trial may be made.
II. EVEN IF A NEW TRIAL IS AVAILABLE IN THESE CIRCUMSTANCES, THE DENIAL OF THE PETITION IS NOT AN IMMEDIATELY APPEALABLE ORDER
¶12 Our conclusion that some equivalent of a final order must occur before a motion for new trial can be made is bolstered by the traditional treatment of denied motions or petitions for new trial on appeal. Title 12 O.S.2011 § 952(b) states that an order which grants or refuses a new trial is an appealable order. However, we find no history of the review of the denial of any motion or petition for new trial that does not involve an underlying final order that may be reduced to judgment or otherwise prevents the proponent from pursuing his or her case .[5] Review is historically confined to two circumstances.
¶13 The first such circumstance is that in which a party files a motion or petition for new trial, alleging error based on the record below , at a time when the underlying final order is not otherwise beyond appeal. Although the issues on review may be constrained by the motion for new trial, our review concentrates on the correctness of the underlying final order , rather than on the motion for new trial. See , by example, Reeds v. Walker , 2006 OK 43, 157 P.3d 100. Hence, it constitutes a review of a final order.
¶14 The second circumstance is that in which a party files a motion or petition for new trial not alleging error based on the record below, but arguing for a vacation of the prior decision on extrinsic grounds such as newly discovered evidence, fraud or irregularity. A denial of a new trial under these circumstances is clearly a final order that precludes the appealing party from proceeding further in pursuit of the relief sought. Both circumstances are, therefore, grounded in a judgment, decree or final order.
¶15 The denial of the new trial petition in this case does not fit either of these "final order" scenarios, because Talarico is in no way prevented from utilizing any new evidence he may have to defend in the still ongoing suit , or prevented from pursuing judgment if the new evidence indicates such a right. The denial of his motion for new trial does not represent a final order or substantive decision on the merits of the case. This finding concurs with our survey of current case law. We find no instance of the law approving of a motion for new trial on the *451 grounds of "newly discovered evidence" unless the proponent is otherwise prevented from raising or utilizing this evidence in the case below.
¶16 We finally note that the initial OCPA dismissal hearing may take place pre-answer, and pre-discovery. Under such circumstances, the likelihood of "newly discovered evidence" after hearing is high. One aim of the OCPA is clearly to provide a quick and simple process for weeding out meritless suits in the early stages of litigation. A district court's refusal to dismiss pursuant to the OCPA is already an appealable order. If it is possible to move for a "new trial" of the original denial of dismissal each time new evidence becomes available, OCPA procedures may make two or more trips to the appellate courts before the merits of the underlying suit are even considered in the district court. Such a structure appears incompatible with the aims of the Act.
CONCLUSION
¶17 We find that the petition in this case did not seek a "new trial" as traditionally defined. Further, the denied petition for new trial in this case bears none of the hallmarks of a judgment, decree or final order, and is not an interlocutory order appealable by right. We therefore find that no appealable order is currently before us.
¶18 DISMISSED .
WISEMAN, P.J., and FISCHER, J., concur.

By example, discovery decisions, evidentiary rulings and denials of summary judgment are traditionally not subject to immediate appeal.

The OCPA proceedings have effectively halted this suit for over two years, and Talarico has yet to file an answer.

Andrew held that the "motion to reconsider" in that case was neither a motion to vacate ("A motion to reconsider an interlocutory order anterior to judgment is not a § 1031 motion to vacate unless made so by the terms of the statute"), nor was it a motion for new trial filed "after the announcement of the decision on all issues in the case."

This common occurrence illustrates the tension between the principle that not all decisions are immediately appealable, but the denial of a motion for new trial is immediately appealable. If there is no restriction, a refusal of summary judgment can be rendered appealable simply by filing a "motion for new trial," and suits could be litigated piecemeal, punctuated by numerous interim reviews by the appellate courts. Andrew at ¶ 17

Lillard v. Meisberger , 1925 OK 633, ¶ 11, 113 Okla. 228, 240 P. 1067, notes that:
While subsection 2 of section 780, Comp. Stats. 1921, provides for appeal from an order granting or refusing a new trial, yet this court will determine for itself whether the record is such as it has jurisdiction to review, and jurisdiction cannot be conferred by a mere order overruling a motion for a new trial, where no judgment was rendered in the case.
Although Lillard rejected appellate jurisdiction on the grounds that the underlying jury verdict had not been reduced to a judgment, it strongly implies that a final decision is a prerequisite to a motion for new trial.